*1837.*

MAGOFFEN
*v.*
PATTON.

---

MAGOFFEN and others, Executors of PATTON *v.* PATTON.

---

Bequest to executors of $20,000, to be invested and held in trust for a daughter Catharine; the income to be paid to her for life and not to be subject to marital rights; with power to her to dispose of the principal by will, " but that the said Catharine, otherwise than by such will, shall have no power of disposing of the said sum of $20,000." And the testator gave all the residue of his estate, real and personal, to her absolutely: *Held*, that the daughter had only the income and a limited power of appointment over the principal; and did not take the $20,000 absolutely as a gift.

---

TACE W. PATTON, by her will, bearing date the fifth of April, one thousand eight hundred and thirty-six, after bequeathing legacies and annuities and giving her executors power to sell and dispose of all her estate both real and personal, bequeathed as follows: " *Fifth.* I give, devise and bequeath unto my said executors the sum of twenty thousand dollars, to be invested by them and to be held safely in trust for the sole and separate use and benefit of my daughter, Catharine B. Patton; the income thereof to be paid to my said daughter as often as the proceeds are received or the nature of the investment will permit. The interest and estate of my said daughter in the

*Jan.* 11, 1837.

*Will.*
*Legacy.*
*Absolute*
*Gift.*

said sum of twenty thousand dollars I limit and declare as follows : Over the principal sum she shall have no other interest or control than is hereinafter in this clause of my will expressed ; but the income arising from the same, as an investment, she shall have and enjoy during her natural life, not subject however to any claim of marital rights by her husband should she marry, nor to be incumbered, mortgaged, assigned or in any manner touched or affected by any act or debt of his. And I further declare that in and by a last will and testament properly executed the said Catharine, whether sole and unmarried or married, shall have power to dispose of the said sum of twenty thousand dollars in such manner and to such persons as she shall see fit and the same shall follow the disposition of such will to all intents and purposes ; but that the said Catharine, otherwise than by such will, shall have no power of disposing of the said sum of twenty thousand dollars above bequeathed. *Sixth.* All the rest, residue and remainder of my said estate real and personal of every manner and description whatsoever and wheresoever situated I give, devise and bequeath unto my said daughter Catharine B. Patton ; to have and to hold the same unto her my said daughter Catharine and to her heirs and assigns for ever."

The bill in this cause was filed by the executors, for the purpose of obtaining the opinion of the court upon the clauses in the above will ; and particularly the clause in relation to the twenty thousand dollars, directed to be invested for the use of the testatrix's daughter Catharine ; and which she claimed absolutely.

Mr. *John L. Lawrence*, on the part of the complainants. We contend that the rule, governing the construction of last wills and testaments is, that such interpretation must prevail as will give effect to every part and to make each part consistent with the rest. It is a further rule that, if the intention of the testator be apparent, such intention shall be effectuated, although it has not been expressed in the legal forms which, in other instruments, would be indispensable.

The claim of the defendant would, if admitted, overthrow both these wholesome rules. It strikes from the will the whole trust created in favor of the daughter and renders that

part of the instrument a blank. The desire of the testator is plainly expressed; and any interpretation that defeats it involves a manifest inconsistency. A trust that would have accomplished the wishes of the testator, could, undoubtedly, have been created; and the indulgence of the law, towards last wills, looks throughout to the intention to supply any formal deficiencies and construes the residuary clause in harmony with the prior appropriation. It is not pretended that a trust, like the one created, is illegal; nor can the plea of injustice to the party be alleged as a motive for a strained construction of her rights. On the contrary, such a trust contravenes no law; and its object is highly commendable, seeing that it intends to secure to the daughter, under any of the vicissitudes to which females are exposed, a comfortable subsistence.

Mr. *D. B. Ogden*, for the defendant Catharine Patton.

It is supposed by us that the twenty thousand dollars is vested in our client absolutely : for, the whole interest and income of it is given to her and she has a right to dispose of the principal sum by will.

In *Adamson* v. *Armitage*, Cooper's Ch. Ca. 283, the words of the will were : " I give and bequeath unto my very trusty and valuable servant Lydia, the balance of my account in Mr. Downing's hands, with the interest thereon, to be vested by my executors in the hands of trustees whom they shall choose and name, the income arising therefrom to be for her sole use and benefit." The Master of the Rolls decided, that the legatee was entitled absolutely to the whole legacy and that the words, for her sole use and benefit, would vest the property exclusive of any marital rights.

In *Maskelyne* v. *Maskelyne*, Ambler, 750, the testator gave to his brother three hundred pounds, to be disposed of by him by his will as he should see fit. He also gave him two small annuities for life. The court decided that the legacy of three hundred pounds vested absolutely in the brother.

In *Harison* v. *Graham*, 6 Ves. 250, the Master of the Rolls said, " the legacy is accompanied with an absolute gift of the interest, which, according to the established rule, has the effect of vesting it."

As to the case of *Hixon* v. *Oliver*, 13 Ves. 108, the testa-tor bequeathed as follows : " To my dearly beloved wife sixty pounds a year as her dower, to be paid to her quarterly by my executors from the day of my death, and the sum of three hundred pounds to be disposed of as she thinks proper to be paid after her death ; and also all my leasehold dwelling house and furniture during her natural life." The testator died soon after making his will ; and his widow' survived him about a month and died intestate, not having disposed of the legacy of three hundred pounds. A bill was filed by her administrator against the executors of her husband's testator, claiming the payment of the three hundred pounds. The Lord Chancellor decided, that this would give to the widow not only the an-nuity of sixty pounds, but also the legacy of three hundred pounds at her absolute disposition ; and, therefore, her admin-istrators were entitled to it.

In the case of Mrs. Patton's will, the only restraint upon this property intended by her, was to secure the income to her separate use in case of her marriage. The case of *Adamson* v. *Armitage*, cited from Cooper, shows that, if the money was paid to her, it would be far from the control of her hus-band.

And the whole residuary estate being left to Catharine, makes this a much stronger case than any to be found in the books.

THE VICE-CHANCELLOR :—No objection is raised in this case to the validity of the trust declared by the fifth clause of the will in relation to the fund of twenty thousand dollars, as one not authorized by the revised statutes ; and I do not sup-pose that any such objection could prevail if taken. There seems to be but one possible ground for such an objection to rest on, viz., that the beneficiary or *cestui que trust* is herself a trustee. But the will is susceptible of a construction to ex-clude her from being considered a trustee. The " executors" are made the trustees, and there are three named as such ; whilst the *cestui que trust*, the defendant, is called in the will " executrix." By giving to the will a limited and strict con-struction in this respect, she is not a trustee of the fund for her own benefit.

But the great point to be determined is, whether the gift is not of such a character as, absolutely, to vest the whole fund of twenty thousand dollars in the defendant, as a legacy, notwithstanding the declared trust? It seems to me not to fall within the principle of *Adamson* v. *Armitage*, Cooper Ch. C. 282; *Maskelyne* v. *Maskelyne*, Amb. 750; *Robinson* v. *Dusgate*, 2 Vern. 181; *Hixon* v. *Oliver*, 13 Ves. 108, and that class of cases, where general words are used, which amount to a gift of the entire fund in the first instance, and are then followed by directions concerning the investment and the future disposition of the property by the legatee, without any express limit to the interest which the legatee is to take; for, in this will, the defendant's beneficial interest is expressly limited to the income during her natural life; and, " over the principal sum she is to have no other interest or control than that of disposing of it by her will." This is a mere power of appointment; and the rule is, that where a particular estate or a limited interest is expressly given, its enlargement, by implication from such a power, will not be permitted: Roper on Leg. 430.

In *Nannock* v. *Horton*, 7 Ves. 391, the principle may be found which governs this case; and, likewise, in *Bradley* v. *Westcott*, 13 Ves. 445. Upon the authority of these cases, I am of opinion this defendant cannot claim to have the twenty thousand dollars paid over to her as a legacy or a gift. It must remain in trust, as the will directs, and she can dispose of it only in the manner therein designated.

But, suppose she does not execute the power, and makes no disposition of the fund by her last will and testament (and this power is not imperative on her) what then is to become of the money? The testatrix, in the present will, has made no specific disposition of it in that event; consequently, it remains a part of her estate, and passes by the devise and bequest of the residue. Being personal property, the residuary clause of the will embraces it: 2 Roper on Leg. 453; and, unless the defendant, at her death, shall leave a will, giving it a different direction, I am of opinion it will then go to her personal representative. Decree accordingly. The costs of this suit to be paid out of the residuary estate.