was a collateral, and not a direct or primary fact in the case. And although it would have been pertinent enough, if, on the plaintiffs' direct examination, he had sworn the note was not paid, yet I think the defendants could not, without examining him at all on the question of payment, call out simply his declarations on that subject, thus making him their own witness to that extent, and then claim the right to contradict him on that point by independent evidence. (*See Harris* agt. *Wilson*, 7 *Wend.*, 57; *Lawrence* agt. *Barker*, 5 *Wend.*, 301, 302; 2 *Ph. Ev., Albany ed. of* 1859, 902, 903; 2 *Ph. Ev.*, 970.)

VIII. The proof of what the furniture of the defendant Peter A. Crounse (whose solvency or insolvency, at the time of the request to prosecute, was a material question in the case,) brought at a *public* sale, a few monts afterwards, when it appeared it had not materially deteriorated, was admissible evidence on the question of value, within the rule laid down in *Campbell* agt. *Woodworth*, (20 *N. Y. R.*, 499.)

I have thus considered all the material exceptions on which the defendant relies, and am of opinion that none of them are well taken. The case seems to have been closely tried and fairly submitted to the jury, and I think their verdict in favor of the plaintiffs ought not to be disturbed.

The motion for a new trial must be denied.

————◆◆————

## SUPREME COURT.

### In the matter of George W. Cavanagh.

Where *partition* of real property is made by proceedings by *petition* under the statute, the purchaser will not be compelled to complete his purchase.

*New York General Term, March,* 1862.

Ingraham, Leonard and Clerke, *Justices.*

By the court, CLERKE, Justice. I think it would be contrary to that caution upon which we have always acted in relation to applications of this kind, to compel the purchaser in this case to complete his purchase. There seems to be a considerable diversity of opinion, whether a partition of real property can now be effected by a petition.

According to the opinion of Mr. Justice PRATT, in *Croghan* agt. *Livingston*, (17 *N. Y. R.*, 218,) this mode of proceeding is abolished. He deems the proceedings by summons and complaint the only existing form of remedy for partition. This might be considered a *dictum*, not having been necessary to the decision of the question before the court at the time. But the point seems to have been carefully considered by the judge, and his opinion is unhesitating and unqualified. The same opinion has been expressed by other judges, and it is a very prevalent one in the profession. Without venturing now to say that it is well founded, the doubts referred to make it safer and more in conformity with our usual course not to compel the purchaser, under such circumstances, to complete his purchase.

I think the order should be reversed, the purchaser relieved, and his deposit repaid.

LEONARD, J. I concur.

## SUPREME COURT.

### FELT and others agt. HEYE, brothers.

Where the plaintiffs borrowed money on some bank stock from G., and gave him a certificate and power of attorney in blank, and G. passed the same certificate and power to the defendants as security for moneys borrowed by him, and G. not redeeming the stock, it was sold by the defendants without knowledge of the hypothecation to G.,

*Held*, that the defendants were not chargeable with notice or even with sufficient knowledge to put them on inquiry from the mere fact that the certificate was in the name of the plaintiffs, and, excepting another question which was applicable to the case, the defendants would be considered *bona fide purchasers* without notice, and entitled to protection.