NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—JANUARY, 1877.

## MATTER OF MOKE.

*In the matter of the final Accounting of the executors, &c., of the will of* GEORGE LEWIS AUGUSTUS MOKE, *deceased.*

*It seems* that a *cestui que trust* under a will may be also trustee.

But since a *cestui que trust* is not altogether a fit person to be a trustee, if the will is ambiguous in this respect, the court will favor a construction which does not have such a result.

Testator named his wife "executrix," and other persons, executors and trustees, and the exercise of certain of the powers of the trustees were made conditional on the widow's consent. *Held,* that she was not made a trustee.

THIS was a proceeding for the final accounting of the executors, &c., of George Lewis Augustus Moke, deceased. Upon objection to the form of the decree in this case, the question was submitted, whether by the terms of the will, the widow, denominated executrix in the tenth clause, appointing her, was also made trustee under the will.

By the fourth clause of the will, the testator bequeathed to his executors thereinafter named, $150,000, in trust, to apply the income to the use of his wife during her life, and on her decease, to become part of his residuary estate. By the sixth clause, he devised the remainder of his estate, including the trust fund, to his wife, and upon her death, or in case she should die before him, unto his executors mentioned, in trust.

By the seventh clause, he empowered the executors or trustees, with the consent in writing of his wife during her life-time, and afterwards at their discretion, to raise any part not exceeding one-half of the vested

share of any of his children, and apply the same as an advancement for their benefit, as said trustees shall think fit.

The eighth clause authorized the trustees to hold existing investments, and certain specified securities, and what new investments should be made by them.

By the ninth clause, his wife was authorized to designate the investments to make up the sum of $150,000, given in trust for her benefit, and the executors were directed to hold the same for that purpose.

By the tenth clause, his wife was appointed executrix, and his father-in-law, brother-in-law, and a friend by name, or such of them as might qualify as executors and trustees, were appointed executors and trustees, and his executors, or such as should qualify, were authorized to sell his real estate, under certain limitations, and to change investments and make compromises, &c.

By the eleventh clause, he constituted and appointed said executors, or such as should qualify, guardians of the person and estate of his children, and directed such executors who were thereby made trustees of the shares of his children, to apply the income to their use, education, and maintenance in such manner, and to such extent as they should deem expedient.

J. GIROUD FOSTER, *for the executors.*

THE SURROGATE.—The special guardian objected to the proposed decree, on the ground that it recognized the widow as trustee and testamentary guardian under the will, and directed the assets to be transferred to her, as well as to the executors who qualified as such. The latter are conceded to have been duly appointed by the will as trustees, and the special guardian claims that by the scheme of the will, it is deducible that by the use of the word " executor," and their appointment as trustees,

and guardians, the testator intended to exclude the executrix from such trusteeship, and guardianship; and in furtherance of this proposition, he claims that a different construction would constitute the widow both trustee and *cestui que trust* as to the sum of $150,000, bequeathed for her benefit; which, it is urged, would be an inconsistent relation and contrary to law. To this point the special guardian cites the case of *Craig* v. *Hone* (2 Edw. Ch., 564), where the Vice Chancellor holds that the appointment of a trustee of a fund to which he is entitled as *cestui que trust* creates an invalid trust.

The will in question furnishes suggestions on both sides of the question raised by the objections of the guardian.

It is not easy to perceive any good reason why the testator should be willing to make his widow executrix, and still exclude her from the important and more natural position of guardian to the children; and the tenth clause of the will, which, after the appointment of the executrix and executors, empowers the executors or such of them as may qualify, to sell by public or private sale, or to lease for terms not exceeding five years, his real estate, would seem to invest a power of sale in the executrix and executors; for I can perceive no reason why he should appoint his widow executrix, if she were not to participate while acting as such, in the disposition of the estate, both real and personal. I can conceive very substantial reasons why the testator might be willing to make his wife executrix, and yet not make her trustee, as she would thus become trustee for herself.

It is a very common occurrence that wills are made bequeathing certain property in trust for the widow, among other provisions, and she made sole executrix, and of course the executrix would hold the property as

trustee for herself, as well as the other beneficiaries under the will; and while it may be conceded that there is some inconsistency in the vesting the estate or title of both trustee and *cestui que trust* in the same person, yet I am not prepared to concur with the learned Vice-Chancellor in the case of *Craig* v. *Hone*, above cited, that the appointment of such trustee is illegal, or void.

Perry, in his Treatise upon Trusts, section 59, says, '*cestuis que trustent* are not incapable of taking in trust for themselves and others, but they are not altogether fit persons to be appointed by reason of a possible conflict between their duty and interest."

It is not difficult to conceive a state of facts under the will in question, where the pecuniary interests of the widow and the children might be hostile.

In *Wetmore* v. *Truslow* (51 *N. Y.*, 338), it is held that the bequest of personal property to four trustees, and the survivor of them, to keep the same invested, and apply the income to the use of one of the trustees, creates a valid trust, and that the income and the manner of its application are controlled not by a beneficiary but by the majority of the trustees. (See also *Tiffany* v. *Clarke*, 58 *N. Y.*, 632.)

But the seventh clause of the will seems to afford somewhat strong evidence, that the testator intended to make a distinction between the executrix, and executors, and that he used the latter term, as contradistinguished from the former; for he gives to his executors and trustees, power to raise one half of the vested or expectant or presumptive shares of the children, &c., on the written consent of his wife. It is the words "consent of the widow" which would seem to indicate the intention to exclude her as trustee, for if she were a trustee, no such restriction would be neces-

sary, since unlike executors, trustees must join in whatever is done in respect to the estate, in the execution of their trust; and if she was intended to be one of the trustees, she would hold as such with the power to refuse, or assent, which she would not possess as executrix, because an executor may act for the whole estate where he is joined with others. (*Ridgeley* v. *Johnson*, 11 *Barb.*, 527 ; *Van Rensselaer* v. *Atkin*, 22 *Wend.*, 549.) The case of *Magoffen* v. *Patton* (3 *Edw. Ch.*, 65), would seem to indicate a different doctrine, and the Vice-Chancellor uses this language : " But the will is susceptible of a construction to exclude her (executrix) from being considered a trustee. The executors are named as such, while the *cestui que trust*, or defendant, is called in the will executrix; by giving the will a limited construction in this respect, she is not a trustee of the fund for her own benefit." While I am not prepared to assent to the authority of *Craig* v. *Hone* (above cited), which is substantially overruled by the above cases, yet I am inclined to think that a *cestui que trust*, in the language of Perry, above cited, is not altogether a fit person to be appointed trustee, by reason of the possible conflict between his duty and his interest, and this suggestion, taken in conjunction with the peculiar provisions of the tenth clause of the will, constrains me to hold that the executrix in this case was not made a trustee or guardian by the will in question, and that the decree should not recognize her as such.

In reaching this conclusion, I am not unmindful of the fact that it excludes from the guardianship of the infants, a person who from natural ties would be likely to take an interest in their welfare, and that there is difficulty in administering the trust in respect to the children, in consequence of their residing abroad, under the actual care of their mother, who, by this conclusion,

is deprived of their guardianship, but as the appointment of the executors and trustees is made in the same clause, and the language of the will, as to the guardians, I do not feel justified in holding that the widow is made guardian, and not trustee.

Let the decree be modified in conformity to the above conclusion.