1836.

Hallett
v.
Thompson.

### HALLETT *vs.* THOMPSON and others.

Where a legacy was bequeathed absolutely to the legatee, but by the will the executors were directed to retain it in their hands and put it on interest, and to pay the annual interest to the legatee for life, unless he should by a legal written instrument require the payment of the principal of the legacy to himself, in which case the whole was to be paid to him; with power to the legatee to dispose of the legacy by will if he did not receive it in his lifetime, and to be paid to his heirs if he did not receive it himself, or dispose of it by his will at his death; and the testatrix, by her will, declared that neither the legacy nor the interest thereof should be liable to any of the creditors of the legatee, for the payment of his debts; *Held*, that the absolute power of the legatee to compel a payment of the legacy to himself, was such a beneficial power as would pass to his assignees under the title of the revised statutes relative to the assignment of the estates of non-resident, absconding, insolvent or imprisoned debtors; and that the legacy might be reached by a creditor's bill, and applied in satisfaction of a judgment against the legatee.

In analogy to the provisions of the revised statutes authorizing the creation of a trust to receive the rents and profits of real estate, and to apply them to the use of the cestui que trust, for life or any shorter period, so as to place the interest of the cestui que trust beyond the reach of creditors, except as to the surplus of such rents and profits beyond what is necessary for his support and maintenance, a valid trust of personal property may be created, to apply the income thereof to the use of the cestui que trust in the same manner, so that his interest in the trust property will be placed beyond the reach of his creditors, to the same extent.

But to protect the interest of a cestui que trust in personal property from the reach of his creditors, so far as the same is necessary for his support and maintenance, the trust must be of such a nature that the interest of the cestui que trust in the trust property is inalienable, during his life, or so long as the trust continues; and the exception in the 38th section of the title of the revised statutes relative to the court of chancery, only applies to trusts of that description.

THIS suit was brought by a judgment creditor, for the recovery of his debt, after the return of an execution unsatisfied. March 15. The bill was filed against Thompson, the judgment debtor, and against the executors of Mary Burling, deceased, to obtain satisfaction of the judgment out of a legacy given by the testatrix to Thompson, by a bequest in the following words: "I give and bequeath unto my friend Jeremiah Thompson, of the city of New-York, the sum of $4000; which sum I neverthe-

less order my executors to retain in their hands and put at interest, and pay the interest thereof yearly to the said Jeremiah, during his natural life, unless the said Jeremiah shall, during his life, by an instrument in writing, under his hand and seal, require the payment of the said legacy to himself; and in that case I order my executors to pay it over to the said Jeremiah, with all interest due thereon. But in the event of the death of the said Jeremiah without receiving said legacy as aforesaid, I then order the same to be paid and applied by my executors as the said Jeremiah shall by his last will and testament direct; or if he die without a will, then my executors are directed to pay the same to his heirs at law; hereby declaring that neither the aforesaid legacy to the said Jeremiah Thompson, or any interest thereof, shall in any case be liable to any of his creditors, for the payment of any debt owing by him." The complainant prayed that Thompson might be decreed to execute such an instrument as was required by the will, to obtain a payment of the legacy from the executors, and that the complainant's judgment might be paid out of the principal and interest of such legacy. The defendant Thompson put in a general demurrer to the bill for want of equity.

*D. B. Tallmadge*, for the complainant. The power of the court of chancery, in aid of executions at law, is not limited to trusts which the defendant himself has created by means of his own property. And the interest of Thompson in this legacy is such a beneficial interest as would pass to an assignee of the cestui que trust under the insolvent act, and can therefore be reached in equity by a creditor. It is not a trust, but an absolute bequest of $4000 to the defendant; and the restriction in the will as to creditors is void.

*D. Lord, jun.*, for the defendant Thompson. The legacy in question is a trust for the personal benefit of Thompson, as a mere benevolence of the testatrix, and not subject to the claims of his creditors, by the plain words and clear intent of the will. It is a trust of personalty, derived from a person other than the debtor, and therefore cannot be reached by a creditor's bill. (2 *R. S.* 174, § 38.) The trust in favor of

Thompson is merely a trust power, and therefore not liable to creditors, unless he does some act to draw forth the fund from the hands of the executors.

THE CHANCELLOR. The legacy in this case is perfectly under the control of Thompson, the legatee, so that he may obtain payment thereof whenever he pleases. This power to compel payment of the legacy is a beneficial power in the legatee, which would pass to the assignees under the English bankruptcy or insolvency acts. It would also pass to the assignee of Thompson under an assignment by virtue of the title of the revised statutes relative to the assignment of the estates of non-resident, absconding, insolvent or imprisoned debtors. (1 R. S. 735, § 104.) In *Graves* v. *Dolphin*, (1 *Sim. Rep.* 66,) Sir John Leach held that an annuity given by a father to his son, passed under an assignment of the commissioners in bankruptcy, although the estate upon which the annuity was charged was in the hands of trustees ; and the testator had expressly declared, in his will, that the annuity was given for the personal maintenance and support of his son, during the whole term of his natural life, not liable for his debts, nor subject to any charges or encumbrances of his ; that it should be paid into his hands only ; and that his receipt alone should be a good and sufficient discharge for the same. His honor said the testator might have made the annuity determinable upon the bankruptcy of his son, but that the policy of the law did not permit property to be so limited that it should continue in the enjoyment of the bankrupt, notwithstanding his bankruptcy. A similar decision was made by Lord Eldon in *Brandon* v. *Robinson*, (18 *Ves. Rep.* 428.) The master of the rolls decided the same point, in favor of an assignee under the insolvent debtor's act, in the case of *Green* v. *Spicer*, (1 *Russ. & Mylne's Rep.* 395,) although the trustee, in that case, had a discretion as to the time and manner of applying the rents and profits of the trust property to the support and maintenance of the cestui que trust ; the whole beneficial interest in the rents and profits being vested in such cestui que trust. (*See also Piercy* v. *Roberts*, 1 *Mylne & Keen's Rep.* 4.)

Independent of any statutory provisions, therefore, I have no doubt that it would be competent for this court, and would also be the imperative duty of the court, to compel the defendant Thompson to execute this beneficial trust power, so as to enable the complainant to obtain payment of the legacy; to be applied in satisfaction of his judgment, as far as it would go.

As a general rule, it is contrary to sound public policy to permit a person to have the absolute and uncontrolled ownership of property for his own purposes, and to be able at the same time to keep it from his honest creditors. The revised statutes have made one exception to this rule, to the extent of a provision for education and necessary maintenance merely. But in that case the beneficial owner is himself deprived of the power of aliening or encumbering the property, or his interest in the rents and profits, as cestui que trust; and the surplus income, beyond what is necessary for his support and maintenance, is in equity subjected to the claims of his creditors. (1 *R. S.* 729, § 57; 730, § 63.) The provisions of the revised statutes on this subject, contained in the 57th and 63d sections of the article relative to uses and trusts, in the connection in which they are there found, are applicable to trusts to receive rents and profits of *real estate*, and to apply them to the use of the cestui que trust for life, or a shorter period. But courts of justice have always endeavored to preserve the analogy between estates or interests in land, or the income thereof, and similar interests in personal property. By analogy therefore to these rules as to the interest of a cestui que trust in the rents and profits of real estate, and the right of a judgment creditor to reach the surplus rents and profits of land beyond what is necessary for the support and maintenance of the debtor and his family, I feel myself bound to hold that a creditor's bill will reach a similar interest of the debtor in the surplus income of personal property, held by another for his use and benefit; but it cannot reach that part of the income of personal property, held upon such a trust, which may be necessary for the support of the judgment debtor.

The exception contained in the last clause of the 38th section, of the title of the revised statutes relative to the court of

1836.

Hallett
v.
Thompson.

chancery, (2 *R. S.* 174,) was unquestionably intended by the legislature to protect the beneficial interest of the cestui que trust, in trusts of this description, and in such only, to the extent of a fair support and maintenance out of the trust property which had been thus invested in trust by some other person, for his benefit. But the case which is now under consideration does not come within this class of trusts. It is very obvious, from the terms in which the bequest was made, that the object of the testatrix was not to secure to the legatee a support and maintenance out of the interest, or income, of a trust fund, which should be inalienable by the cestui que trust, in analogy to the provision before referred to in relation to a similar trust to receive the rents of real estate for the same object. On the contrary, it was an attempt to give to the legatee an absolute and uncontrollable interest in personal estate, and at the same time to prevent its being subject to the usual incidents of such an absolute right to property, so far as the rights of creditors are concerned. This cannot be done, consistently with public policy, or the settled rules of law. If such a principle was once sanctioned by this court, it would only be necessary for a testator to direct his executors to turn his real estate into money and hold the same subject to the control of the legatee, to defeat entirely the benefit which was intended to be secured to creditors, by the 57th section of the statute before referred to, out of the surplus income of the estate.

The complainant is entitled to have the $4000 in the hands of the executors applied in satisfaction of his judgment; and the demurrer must be overruled, with costs.