The Assistant Vice-Chancellor.
The testator gave one-fourth of his estate to the defendant, in trust to improve it and receive the rents and profits, and pay over the same to Jonathan L. Brewster, so long as he should live and be personally entitled to the same and no longer. On his death or ceasing to be personally entitled, two-thirds of such income were to be paid to his children and their issue, and the other third to his wife for her sole use, so long as she should live and be personally entitled to the same and no longer. And whenever neither Jonathan L. nor his wife should be living, or whenever they both in any way ceased to be entitled to any part of the income, the fourth part of the estate was to go over and vest equally in the children of Jonathan, and the issue of such as should be then dead, and the trust should then cease. If there were no issue of Jonathan living, the fourth part was to pass to others, with the residue of the testator’s estate.
Jonathan L. Brewster died in 1836, and his widow on the 15th of January, 1845, executed a conveyance to their surviving children, of all her right and interest under the will, with a release of her claim to the income under the same. The object avowed in the instrument, is to put an end to the trusts of the will, as to the fourth part of the estate.
The surviving children, who if the trust is terminated, are in-titled to the fourth part, filed this bill against the trustee for an, account and a transfer of the property to them.
The trustee demurs for want of equity and want of sufficient parties.
The first point made against the bill, is that the devise oyer to *28 the children is an executory devise, and not a remainder. I do not deem it material to decide as to this, because in either view of the question, the complainants must first show that the trust has ceased, and if it have ceased the complainants are the parties entitled, whether the estate be a remainder or an executory devise.
The defendant next insists that neither of the events has occurred, upon which the property was to vest in the children of Jonathan L. Brewster.
He contends that the provision of the will relative to the widow’s ceasing to be personally entitled, was aimed at creditors exclusively, and that the property would not be divested, except when seized by creditors, or conveyed upon an assignment in insolvency or bankruptcy. That there is no prohibition against her alienating the income, in any manner she should think proper. The case of Lear v. Leggett, 2 Simons, 479, was cited as sustaining this argument. There the provision declared that the property should not be subject to any alienation or disposition by the beneficiary for life, and if he should alienate, or attempt to alienate, it should operate as a forfeiture of the provision, and the same should devolve upon the person next in expectancy, it was held that on the beneficiary’s becoming bankrupt, his assignees were entitled to his life interest. (1 Russ. & Mylne, 690, S. C.) This case differs from Dommett v. Bedford, 6 T. R. 684, and 3 Ves. 149, where it was held the assignees were not entitled, in the circumstance that by the will in the latter case, the annuity was to be paid to the annuitant alone, and upon his receipt and no other. In Graves v. Dolphin, 1 Simons, 66, the assignees took the annuity, there being no positive forfeiture and no disposition of the fund over, in such a contingency.. The case of Brandon v. Robinson, 18 Ves. 429, turned on the same circumstance.
All the cases agree, that if a provision be made for divesting the bequest or devise in the event of bankruptcy, or in case of its alienation or an attempt being made to alienate it, the property will be divested on the happening of such event. In some of the cases, one mode of forfeiture was provided, and in some the other; and where but one of them is pointed out, the testa *29 tor’s design of benefitting the objects of his bounty, is sometimes defeated by the contingency against which he has omitted to guard.
From, the language of this will, I infer that the testator intended to provide against every contingency by which the tenants for life of the income might cease to become entitled to its personal enjoyment. A voluntary alienation of such an estate, is often caused by the improvidence of its owner; equally so, if not as frequently, as in the instances of seizure by creditors or insolvent assignees. The provision here is, that whenever Jonathan and his wife, in any way, ceased to be entitled to any part of the income, the estate of the children should take effect. Jonathan ceased to be entitled by his death, and his widow by her alienation of her interest.
It is however urged that she could not make a valid conveyance, and further that the court will not allow the beneficiary of a particular estate by his own act, having that object in view, to defeat the executory devise limited to take effect at his death, and to give effect to one limited on a previous contingency.
As to the latter proposition, if one or the other of the future estates can be accelerated by the act of the owner of the particular estate, it must be by force of some power or provision in the will or deed creating the estate. The court can neither confer the power, nor withhold it where it is granted by the donor. If the beneficiary be clothed with that control over the period of vesting the future estates, either in interest or in possession, it seems more reasonable to give the effect to his intentional act, than to one which was fortuitous. In this instance, the testator conferred the power, by the provision that the future estate should take effect, on a contingency which might be the result of a voluntary act of the beneficiary for life, as well as of a dispossession of the particular estate through improvidence or misfortune. I can perceive no good ground for believing, that he had in view the latter event, any more than the former.
As to the inability of Mrs. Brewster to make a valid conveyance, I cannot agree with the defendant’s counsel. She had an absolute control over the third part of the income, so long as her estate continued. (See Hallett v. Thompson, 5 Paige, 583 | *30 Bryan v. Knickerbacker, before the Chancellor, April 7, 1846, 6 Barbour’s Notes of his decisions, p. 3, (a).) Her conveyance was operative to pass any income then accrued; and although it could convey no future interest under the trust,'the deed would be effectual against her, should she after its delivery, set up a claim to the income.
The objection that nothing passed by the transfer, and so it was nugatory and did not interfere with her enjoyment, might "be made in every case where alienation is declared to be a for- ' feiture of the interest. In Lewes v. Lewes, 6 Simons, 304, under a similar provision, the interest was held to be defeated by the attempt to assign it.
“■Ceasing to be personally entitled,” under this will, was doubtless a consequence, anticipated from a state of facts, as the defendant’s counsel argued. But a voluntary conveyance is a state of facts leading as directly to that consequence, as any that can be mentioned. I am satisfied that it was within the intention of the testator, as declared in the will, and that the event has arisen upon which the trust was to cease.
The demurrer also presents the question of parties. I think the objection is valid, to the extent of the children in esse of the complainants. They are the persons who are presumptively next entitled to the succession, if the defendant’s construction of the trust be correct. The cause was so fully and so well argued by the defendant’s counsel, that I felt no hesitation in passing upon the question involved, as the bill now stands. Still, the proper parties must be presented, before a decree can be made on the construction of the will. The cause may stand over for that purpose.
Demurrer for want of parties allowed in respect of the com. plainant’s children. Residue of the demurrer overruled. Leave to the complainants to file a supplemental bill to make the nesary parties.(b)

 Now reported in 1 Barbour’s Ch. Rep. 408.

 The children of the complainants, were made parties defendant; and subseseqnently, Mr. Sandford as Vice Chancellor, made a decree in "accordance with this decision. • ■ ■ ■■