Appollos R. Wetmore et al., Appellants, *v.* James L.
Truslow et al., Respondents.

A bequest of personal property to four trustees and the survivor of them,
in trust to keep the same invested and apply the interest or income to
the use of one of the trustees, creates a valid trust. The income in such
case and the manner of its application is controlled and directed not by
the beneficiary, but by the majority of the trustees; and such income,
therefore, cannot be reached by a judgment creditor of the *cestui que
trust* and appropriated to the payment of his debt, at least until by the
death of his co-trustees it shall come under his control.

An objection that a second complaint, made and served as supplemental,
in pursuance of an order of Special Term, is not in aid of the original
complaint, and therefore not supplemental, cannot be raised upon appeal

from judgment. Defendants' remedy in such case is by appeal from the order; by answering such complaint the objection is waived. (GRAY, C.)

(Argued September 23, 1872; decided January term, 1873.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial district, reversing a judgment in favor of plaintiffs, entered upon the report of a referee, and ordering a new trial.

The action was brought originally by plaintiffs as judgment creditors of defendant, William Truslow, after the return of an execution wholly unsatisfied, to set aside certain conveyances by said William Truslow of his real and personal estate, which it was alleged he fraudulently made to his codefendants, James L. Truslow and Cornelia I., his wife, William Truslow and Thomas Truslow, Jr., toward the payment of their judgment against him. After the parties thus made defendants had answered the complaint, and the issues made by the answer had been referred for trial, Thomas Truslow died, having made his will, in which he appointed four of his sons, William Truslow, the judgment debtor, James L. Truslow, Thomas Truslow, Jr., and John Truslow, executors of his will, in and by which he bequeathed to them and to the survivor of them about $100,000 to invest and to keep invested, and apply one-ninth of the interest or income arising therefrom to the use of his executors respectively during their respective lives. The will having been duly proved, and the executors named in it having entered upon the duties therein confided to them, the plaintiffs, in pursuance of an order of the Supreme Court, granted upon notice to the defendants, permitting them so to do, made and served what they termed a supplemental complaint, reiterating the allegations in the original complaint, stating the bequests made by Thomas Truslow, the appointment of executors, his death and proof of the will, and that the executors had entered upon the discharge of their duties as herein stated, and demanded that the income which by the will was directed to be applied to the use of William Truslow, the judgment

debtor, be applied in payment of the judgment. To this the defendants' answered, reiterating their answer to the original complaint, and insisting that the plaintiffs were not entitled to have the interest or income thus bequeathed to the use of the judgment debtor applied to the payment of the judgment. Upon the hearing before the referee the plaintiffs failed to establish the allegations in their original complaint, other than the recovery of the judgment against William Truslow, and the issuing and release of an execution thereon wholly unsatisfied, and the referee so found. But, as a conclusion of law from the facts before stated, found and decided that the plaintiffs were entitled to a judgment sequestrating the interest or income to which William Truslow, the judgment debtor, became entitled under the will, and directing the same to be applied in payment of the judgment, with costs against the defendant, William Truslow, individually.

*J. H. H. Pinckney* for the appellants. Plaintiffs can maintain this action, it being what was formerly a creditor's bill. (*Hammond* v. *Hudson River Iron Co.*, 20 Barb., 378; *Field* v. *Chapman*, 13 Abb., 320; *Field* v. *Hunt*, 23 How., 463; *Wetmore* v. *Candee*, 49 N. Y., 667.) The interest William Truslow had in his father's estate accrued after the commencement of this action, and it was proper to file a supplemental complaint. (Code, § 177; *Hasbrouck* v. *Shuster*, 4 Barb., 285; *Butler* v. *Cunningham*, 1 id., 86; *Thomas* v. *McEwen*, 11 Paige, 131; *Eager* v. *Price*, 2 id., 333.) It is too late for defendants to object to the supplemental complaint. (*Guild* v. *Parsons*, 16 How. Pr. R., 382; *Trustees, etc.*, v. *Cowen*, 4 Paige, 510; *Tallmage* v. *Pell*, 9 id., 410; Code, § 148.) The trust in the will is void and of no effect. (*Craig* v. *Hone*, 2 Edw. Ch., 562, 564; *Coster* v. *Lorrillard*, 14 Wend., 265.) The trust being void, William Truslow has a right to the income, and it belongs to his creditors. (2 R. S. [old paging], §§ 43, 44; *Stewart* v. *McMartin*, 5 Barb., 443; *Titus* v. *Weeks*, 37 id., 149.)

*Luther R. Marsh* for the respondents. The supplemental complaint contained an independent cause of action, and was not proper in this action. (1 Hoff. Ch. Pr. R., 396, 399; *Coldough* v. *Evans*, 4 Sim., 76; *Milner* v. *Milner*, 2 Edw. Ch., 114; *McCullough* v. *Colby*, 4 Bosw., 603, 605; 5 Bosw., 477; *Watson* v. *Thybon*, 17 Abb., 184; Code, § 177; *Dunn* v. *Boker*, 12 How., 521; *Slosson* v. *Englehart*, 34 Barb., 198, 201; *Buchanan* v. *Comstock*, 57 id., 582; *Eager* v. *Price*, 2 Paige, 333, 337; *Hasbrouck* v. *Shuster*, 4 Barb., 285, 288.) The permission to file the supplemental complaint does not override any rule of law affecting the merits of this case. (*Robbins* v. *Wells*, 26 How., 15; 18 Abb., 191; 1 Robert., 666; 1 Hoff. Ch. Pr. R., 403, 406; *Eager* v. *Price*, 2 Paige, 333, 339; Code, §§ 144, 148, 152, 153, 155, 177, 401; *Goddard* v. *Benson*, 15 Abb., 191.) The rule that a party cannot be both trustee and *cestui que trust* applies only to real estate and its proceeds, and is not applicable to the present case. (*Coster* v. *Lorrillard*, 14 Wend., 265; *Craig* v. *Hone*, 2 Edw. Ch., 554; *Bucklin* v. *Bucklin*, 1 Keyes, 141.) The trust not being forbidden by statute, and its object being lawful, is valid. (1 Keyes, 141; *Bunn* v. *Vaughan*, 3 Keyes, 345; 5 Abb. [N. S.], 269; *Amory* v. *Lord*, 9 N. Y., 403; *Bundy* v. *Bundy*, 38 id., 410.)

GRAY, C. The objection that the second complaint, in which Thomas Truslow's executors are made parties defendants, is not in aid of the original complaint, and therefore not supplemental to it (if there be anything in the objection), comes too late. It was made and served in pursuance of a Special Term order granted upon motion. If any error was committed, it was in granting the order, and the defendants' remedy was by appeal from it; but having submitted to the order and answered the complaint, they must abide the issue. Trusts of personal property, "except where the trust has been created by or the fund is held in trust from some person other than the defendant himself," are within the equity jurisdiction of the Supreme Court, and may be applied to the satis-

faction of a judgment where, as in the case before us, an execution has been issued upon it and returned unsatisfied (2 R. S., 174, §§ 38, 39), and so far as respects the rights of judgment creditors, such trusts are subject to the same rules as trusts under the statute of uses and trusts, " to receive the rents and profits of land and apply them to the use of any person " (*Hallett* v. *Thompson*, 5 Paige, 583, 586 587); and under the statute authorizing the creation of a trust of personal property by some person other than the defendant himself, the Chancellor, in the case referred to, held that an attempt to give to a legatee an absolute and uncontrollable interest in personal estate, and at the same time to prevent its being subject to the usual incidents of such an absolute right to property, so far as the rights of creditors are concerned, to be inconsistent with public policy as well as the settled rules of law.    It was the design of this statute to enable any one who conceived another to have a claim upon his bounty, or who should for any cause be willing to support or contribute to the support of one being either a minor, a lunatic, a spendthrift, or one who for any cause ought not in his judgment to have the management or control of property, to provide for such incapable or unfortunate person by vesting the title and management of whatever amount he might see fit to appropriate to such use in a trustee for that purpose, in which case it would be inalienable by the beneficiary and out of the reach of his creditors, and so far beyond the control of the benficiary that he could only control its appropriation to the purposes of the trust through the aid of a court in the exercise of its equity powers.    But if the property be conveyed directly to the beneficiary, he may alienate it, or his creditor may reach it ; and it can make no difference, in that respect, that in the conveyance to him it be stated that it is made in trust, that he will apply it to his own use.

These are general propositions, applicable to a case where an effort has been made to combine in one or more persons the character of trustee and beneficiary of the same property. In the case under consideration the trust, to apply the income

arising from the one-ninth to the use of the judgment debtor, was not reposed in him alone, but jointly with his three brothers, each of whom had as much control over the income and the manner of its application as he had. It was not a trust to pay over the income, but to apply it to his use. The manner of its application was left to the discretion not of the judgment debtor alone, but to the discretion of all, or, in case of a disagreement, to a majority of those to whom the trust was confided. There is no evidence of the manner in which it had been applied, and for aught we know it has been applied by the united action of the trustees or a majority of them, not in money, but in money's worth, of such articles as his needs and those of his children demanded. As the income was not by the terms of the trust to be paid, but to be applied to his use, however much he might desire to control it or direct the manner of its application, he was without the power to do so, if his wishes were repugnant to a majority of his associates. If, instead of the issue now presented to us, one had been presented between these defendants, the judgment debtor on the one side and his co-trustees on the other, the judgment debtor demanding that the income of the one-ninth to be applied to his use be paid over to him, and his cotrustees insisting that it should not be paid, but in the language of the bequest applied to his use, and that, in their judgment, the object of the testator would be best accomplished by applying it, from time to time, in the purchase of necessary articles of subsistence and appropriating them to his use, I do not think we would hesitate in holding that the majority of the trustees had the right to exercise this discretion, and that the income should be applied to his use in accordance with their judgment.

We are referred to the cases of *Coster* v. *Lorillard* (14 Wend., 265) and to *Craig* v. *Hone* (2 Edw., 554) as authority for holding the trust in question invalid. In the former case the bequest instead of being made in the language of the statute to apply to the use of the beneficiaries, the income was directed to be paid over to them, and by some members of the court the

bequest was held to be void on that account, and by others for the reason that the testator, in contravention of the statute of uses and trusts, authorized the beneficiaries, provided a majority of not less than three of them should, in writing, consent, to sell and assign the rents, issues and profits which, by his will, he had directed to be paid over to them. The ground upon which a majority of the court concurred was, that the power of alienation was, by the various provisions of the will, suspended beyond two lives in being; and upon the same ground, with one other (which I will consider), the case of *Craig* v. *Hone* was decided. In that case the testator appointed his wife executrix and two of his sons executors, to whom he bequeathed all his estate, real and personal, with power, after deducting certain annuities and legacies, to divide the income to be derived from his estate into nine equal parts, one of which, from time to time, as it accrued, was to be paid to the defendant, Henry Hone. This was a case in which no discretion was given to the co-trustees of Hone; they had no right to assume the attitude of a parent or guardian, and, in order to prevent the income from being applied to any other purpose than his support, see to it that it was thus applied. The learned vice-chancellor was of opinion that trusts could only be created for the benefit of such as were incompetent or unable to manage property for themselves; and said of Hone, if he is able to manage property in one capacity, he is competent to be the absolute owner in another, and that there was no necessity for any trust in relation to him, and it was, therefore, not a case within the statute. It cannot be doubted that a father leaving a son of undoubted capacity to be his executor, and who, through such misfortune as wise business men could not foresee, has become hopelessly insolvent, may apply to the use of that son the necessaries of life, or, if he chooses, he may invest the title of such portion of his means as may be necessary for that purpose in one or more trustees, to be applied to his use, in which case the validity of the trust would not be made to depend upon the capacity of the son to manage the property confided to another to be applied

to his use, but upon the question whether by any rule of law or equity he could take out of the hands of the trustee that which his benefactor had placed there for his support. If he could not, then clearly his judgment creditor could not.

Until there is some evidence, other than is derived from the will itself, that it was not intended that a majority of the trustees should not exercise the right to appropriate the income devised to them for the use of the judgment debtor in such manner as in their judgment is best adapted to his support, or until by the death of his co-trustees it shall come under his control, it cannot be appropriated to the payment of his debts; and if it can, only one-fourth of the income of the ninth can be so appropriated.

The order appealed from should be affirmed, and judgment absolute ordered against plaintiffs with costs.

The court did not express any opinion on the question of the supplemental complaint, but all concur in the residue of the opinion.

Order affirmed and judgment accordingly.