ACTION of ejectment for a farm in New Castle hundred *Page 649 
in which the facts involved were found by a, special verdict of a jury as follows: That Henry Hugg and Maria Hugg, his wife, by their deed of bargain and sale dated April 7th 1837, conveyed the premises in question to one Samuel McMullen upon the special trust and confidence that he his heirs and assigns should and would from time to time and at all times thereafter, permit the said Maria, wife of the said Henry Hugg, or any person or persons whom she might, notwithstanding her coverture, by any note or writing under her hand direct or appoint, to make any and all contracts concerning the management and improvement of the said tracts or pieces of land and woodland, and to receive the yearly rents, issues and profits of the same to and for her sole and separate use and benefit, and her receipt, or the receipt of the person or persons to whom she should appoint the same to be paid, under her or their respective hands should from time to time, notwithstanding her coverture, be good and sufficient discharges for the same to the person or persons who should so pay them for so much thereof for which such receipts should respectively be given, to the intent the said yearly rents, issues and profits of the said premises or any part thereof might not be at the disposal of, or subject or liable to the control, debts, or engagements of the present or any after-taken husband of the said Maria, but to and at her own sole and separate use and disposal during the period of her natural life. And upon the further trust that from and after the decease of the said Maria, the said Samuel McMullen, his heirs and assigns should stand seized of the said premises for the use of Henry Hugg, Sarah Ann Hugg, and Jane Taylor Hugg, children of the said Henry Hugg and Maria, his wife, and should, as soon as conveniently might be, convey and dispose of the said tracts or pieces of land and woodland and appurtenances unto the said children, their heirs and assigns forever, as tenants in common, under and subject to the following directions and limitations, that is to say, in case of the death of either of the said children without lawful issue, that then *Page 650 
the share or shares of such deceased child or children should go to the survivor or survivors, their, his, or her heirs and assigns forever, but if either or all should leave lawful issue, that then such issue should be entitled equally to the share or shares to which the deceased child or children were entitled. And in case of the death of each and every of the said children without lawful issue, that then the said premises should be conveyed or limited to the sole and separate use of Margaret Boulden Bell, wife of Robert H. Bell, during her natural life, and to her heirs forever in equal proportions; and in case of the happening of either of the said contingencies during the life of the said Maria, then the said Samuel McMullen, his heirs and assigns at and after her decease should convey the said premises according to the said directions to the person or persons then and thereby entitled to them, and the conveyance so to be made should include such of the foregoing limitations as should be applicable to such of the aforesaid contingencies as might thereafter happen.
That the said Henry Hugg, the grantor in the said deed, died in the year 1841, and the said Maria Hugg, his wife, in the year 1870, and that the said Henry Hugg, Sarah Ann Hugg and Jane Taylor Hugg, their said children, and the said Margaret Boulden Bell were all still living. That since the death of the said Maria Hugg the said farm and premises had been managed and rented out by the saidcestuis que trust; that the said Samuel McMullen, the trustee named in the said deed, departed this life in the year 1845, and that the persons named as the lessors of the plaintiff in the action were his heirs at law. And that at the November Term of the Superior Court of the State of Delaware in and for New Castle County in the year 1871, Abraham P. Shannon recovered a judgment against the estate and interest of the said Henry Hugg, one of the said children andcestuis que trust in the said land and premises, by foreign attachment for the sum of one thousand one hundred and thirteen dollars and sixty-six cents, and that afterward by due process of law the same was *Page 651 
thereon sold by James Armstrong Esquire, then sheriff of the county, and was bought by the said Abraham P. Shannon, which sale was returned to the November Term, 1872 of the Court aforesaid, and was approved by the said court, and thereupon a deed poll was made, executed and delivered by the said sheriff to the said Shannon for the said estate and interest of the said Henry Hugg, the said cestui que trust,
in the said land and premises.
Whiteley, for the plaintiff. A judgment at law is a lien on a passive, but not on an active trust. Flanagin vs. Daws, 2 Houst.
476. The trust under the deed of conveyance in this case even for Maria Hugg, the wife of the grantor, for the term of her life, was not a passive trust merely, but vested in the trustee during her life even, more than a dry legal estate simply in the premises. For the trust during that time, so far as she was alone concerned in it, was not solely for her separate use and benefit, but the language of it is that the trustee is to receive and pay over to her the rents and profits for her separate use and benefit, and that imposed upon him an actual duty to perform, and an active fiduciary function in relation to the reception and payment of them, which constituted it an active, practical and substantial trust, even during her life time. It was not simply to permit her to receive them, for the words which follow that phrase in the deed, qualify it, and clearly express what he had just stated, and such was the legal effect of the qualification of it. According to judicial construction the statute of uses even, does not execute the use where the donee to uses is entrusted with duties or powers, for the due discharge of which it is requisite he should take and retain the legal estate. Hill onTrustees, 230. And the author of that work expressly states that when there is a gift of real estate to trustees, with a direction to convey, or to pay the rents and profits to certain persons, or to receive the rents and apply them to the maintenance of an individual during life, in all those cases it had been held that seizin or possession of the legal estate *Page 652 
is requisite for the due performance of the duty imposed on the trustee, and consequently, that the persons to whom the use is subsequently given, take only a trust or equitable estate. Hill onTrustees, 232. The cases have also established a very material distinction, where the direction to the trustee is, not to pay over the rents and profits to another person, but to permit or suffer him to receive them. In the former case the trustees must necessarily receive the rents, and they will take the legal estate for that purpose; but in the latter case, no such receipt by the trustees is requisite, and the legal estate will be vested by the statute in the person who is to receive the rents. And where both phrases are used, as in this deed, and the words "to pay unto", follow the words "to permit and suffer", the trustees will take and hold the legal estate to the exclusion of the beneficiaries of the trust. Hill onTrustees. 233.
But when we pass from the consideration of the wife's interest and estate for life, to the consideration of the interest and estate of Henry Hugg, the son, and the other children after her death, it was necessary for the trustee to do more than that, which was to ascertain who of them have survived her and are entitled to the premises on her death, and then to execute and deliver a formal conveyance of the farm to them pursuant to the directions of the deed of trust, with all the special and contingent limitations prescribed in it, and which would require a good deal of nice discrimination and care on the part of the trustee to do it properly and satisfactorily, to say the least of it. It is only where the person who is equitably entitled to the property takes absolutely the entire beneficial interest in it, and the trustee has but the dry legal estate in it vested in him for his benefit, that he may be said to be a mere dry trustee; as where the legal estate is vested in A, his heirs and assigns in trust for B, his heirs and assigns simply; and an estate, not originally a mere dry trust, may afterward become so, as where a mortgage in fee is paid off by the mortgagor, *Page 653 
but no reconveyance of the mortgaged premises is executed to him by the mortgagee, the latter then becomes a mere dry trustee of it for his benefit; or, as where an equitable estate in fee simple is limited in remainder to B, expectant upon the determination of some particular or partial equitable estate given to another, which is afterward determined or satisfied. Hill on Trustees, 316. But where directions are given for the execution of some future conveyance or settlement of the trust property, it is not only an active, but an executory trust, because the trustee in such case, who holds the property as much for the protection and benefit of those entitled in remainder, as of the person to whom the immediate beneficial enjoyment of it is given, must continue to hold it as an active trustee of an executory trust, so far as those in remainder are concerned, for the purpose of making the conveyance or settlement as directed, and until that is done the duty imposed upon him as trustee remains undischarged, and his trust unexecuted. Hill on Trustees, 384. Among express or active trusts defined by Chancellor Kent, are trusts to receive the rents and profits of land and apply them to the use of any person. 4 Kent's Com. 310. The recourse and remedy of the defendants in this case to obtain the legal title to the premises, as well as the absolute possession of them free and discharged from the trust, was in chancery to compel the trustee to make and execute a conveyance to them pursuant to the directions of the deed of trust, if he refused to do so on their demand for it. But that had not been done and the legal title still being vested in him, not as of the dry legal estate in it merely, and not as a passive trustee, but as an express or active trust still subsisting and remaining to be executed; the plaintiffs in the action were consequently entitled to recover.
Gray, for the defendant. Mr. Henry Hugg had long-been absent from and residing out of this State and had no other property in it, than his estate and interest in the premises. He had also long been due and owing Mr. *Page 654 
Shannon, a citizen of this county the judgment on the records of this court, and referred to in the special verdict in this case, on which his estate and interest in the premise:; was at length sold to satisfy it; and Mr. Samuel McMullen, the original and sole trustee, has long been dead, and his heirs are now scattered far and wide, many of them also beyond the limits of this State. A trust for the benefit of a married woman will always be supported as an express or active trust, but on the death of Maria Hugg, the married woman in this case, and the mother of Henry Hugg, the defendant in the judgment, by the express terms and directions of the deed creating it, the trust was to cease and determine, and the farm was to be conveyed in the manner designated and directed in it, to those to whom it is given and limited in remainder, free and discharged entirely from the trust which was created solely for her benefit during the term of her life. And can there be any better definition of a dry or passive, in contradistinction to an express or active trust, than that the trustee has nothing more to do or to see to with reference to the property confided to him as such, but to convey the same and the legal title to it to the cestui que trust, and to divest himself forever by that simple act of all right or title whatever to it? And when that becomes the sole remaining duty resting upon him in relation to it, can he be said to be seized in law or in fact of any thing more than a dry legal estate in it merely? The authorities cited on the other side established that as a well settled principle beyond all question. And that the interest and estate of any cestui que trust in such a dry or passive trust merely of real estate, is liable to execution and sale on a judgment against him for the payment of his debts, is equally well settled beyond all question by not only a recent decision in this court, but by numerous decisions to the same effect in this country as well as England. Flanagin vs. Daws, 2 Houst. 476. Nichols vs.Levy, 5 Wall. 441. England vs. Slade, 4 T. PR
682. 50 N. H. 491. 5 Paige, 583. 1 Dev. Bat. 480.21 Pick. 42. 18 Ves. 429. Bishop on Princ. ofEq. 62, 63, *Page 655 
69. Perry on Trusts, 321, 466. 2 Washb. on Real Prop. 183. But there was another and very different objection to be made by him which was equally fatal to the action in this case, and that is that it cannot be maintained at the suit of the heirs generally of Samuel McMullen, the trustee, but should have been brought in the name of his eldest male heir alone.
Whiteley, admitted that such was the rule of succession and the principle of the common law in cases of trusts, and that the action had been improperly brought in the names of the heirs generally of the trustee.
The Court. Both objections are fatal to the present action; and the first also to the right of the eldest male heir of the trustee to recover in a similar action brought in his name alone; because on the death of Maria Hugg, the wife of the grantor, it became a purely dry or passive trust, and a dry legal estate merely vested in the trustee, the purpose of its creation having been fulfilled, and leaving nothing for him to do but to convey the legal estate to others as directed in the deed creating it, of whom Henry Hugg was one; and since the cases of Lade vs. Holford, Butler's N. P.
110, and England vs. Slade, 4 T. R. 682, we are bound to presume that that has been done, and that such an outstanding term or trust in his own trustee has been surrendered to Henry Hugg and the others entitled to the conveyance of the legal estate on her death, as directed in the deed.
 *Page 9