Scruggs *v.* Murray.

EDWARD SCRUGGS *v.* JOHN B. MURRAY *et als.*

WILL.  *Construction.*  The second item of a will gave land to the testator's wife " during her natural life and she lives on it, and not rent or sell it ; " the third item gave the land which the wife " has while she lives" to E. S. " after her death."  *Held,* that the words added to the devise for life restricted the use and alienation of the land, not the estate, and that the life estate continued, notwithstanding a removal of the widow from the land, and renting it to others.

FROM WILLIAMSON.

Appeal from the Chancery Court at Franklin.  **W. S.** Fleming, Ch.

J. G. WALLACE for complainant.

D. CAMPBELL for defendants.

COOPER, J., delivered the opinion of the court.

William Scruggs, who died early in the year 1859, by a will written by himself, devised as follows :

" Secondly.  I give and bequeath to my wife Margaret one-half of my landed estate during her natural life and she lives on it, and not rent or sell it.

" Thirdly.  The half of land not given to my wife, I give to Edward Scruggs, and the part my wife has while she lives after her death to him said Edward, and the heirs of his body, and if he should die without heirs, then the land I have given him to go to his sister  Lucinda and her heirs, that is, the heirs of her body."

The widow lived on the land devised to her for several years, and then intermarried with the defendant, David Bright, and removed with her husband to another county. The defendant John B. Murray, who was the executor of the will, seems to have then occupied the land for several years as tenant of the widow, and afterward rented the land to third persons as her agent. This bill was filed on the 28th of November, 1873, by Edward Scruggs, to recover the land, with rent for its use since the widow ceased to occupy it, and damages for the dilapidations occasioned by renting. The bill was dismissed on demurrer, and the complainant has brought the case up by writ of error.

The theory of the bill is, that the life estate given to the widow by her husband's will was forfeited by the act of ceasing to live on it, and renting it out. It is also argued, on behalf of the complainant, that the devise to the widow is subject to a conditional limitation in favor of the complainant, in the event she ceases to live on the land.

If the will vests the widow with an estate for life, it is clear that the estate is not forfeited by removing from and leasing the land, nor by the ordinary dilapidations incident to that form of user. For, a tenant for life is not, of course, required to live upon an estate so held, nor prevented from renting it to others. And it is not pretended that the will expressly directs a forfeiture in the event of either or both of these acts. The only ground upon which the bill can be maintained, is, that the language used cre-

ates a conditional limitation, by which the estate given to the widow terminates upon her ceasing to live upon the land. In that view, although the complainant would .not take the land by the third item of the will until the death of the widow, the earlier termination of the estate might enure to his benefit by way of acceleration.

A life estate may be so conditioned as to terminate upon the happening of a particular event, whether an estate over is given or not. *Rochford* v. *Hackman,* 9 Hare, 475. No precise form of words is essential to the creation of such a condition. Any language *disclosing the intention will suffice. *Wilkinson* v. *Wilkinson,* 3 Swanston, 522. The courts have, however, required that the intention should be clearly expressed, where the life estate is first vested by apt words. *Pym* v. *Lockyer,* 12 Sim., 394; *Wilkinson* v. *Wilkinson,* Coop. Eq , 259 ; *Hallett* v. *Thompson,* 5 Paige, 583. If there be a fair doubt whether the event named was intended to limit the estate, or to restrict its use or alienation, the courts favor the latter construction. 2 Red. on Wills, 289. The reason is, that the testator cannot be supposed to intend to divest an estate with which he has actually clothed his devisee, until he plainly says so, and that the law does not favor forfeitures. It has long been settled that conditions repugnant to the estate to which they are annexed, are void. *Co. Litt.,* 206*b* ; 223*a.* Consequently, as Lord Eldon has said, "if property be given to a man for life, the donor cannot take away the incidents of a life estate." *Brandon* v. *Robinson,* 18 Ves., 433 ; *Graves*

v. *Dolphin*, 1 Sim., 66. If, therefore, the words in the will before us were intended merely to restrict the use or alienation of the land devised, and not to limit the life estate given, the conditions would be void.

The mode of ascertaining whether a condition is annexed to the estate or its use, where the intention is not clear, has been pointed out by Sir George James Turner, one of the clearest and most accurate of modern English judges, when Vice-Chancellor, with his usual felicity. "The true rule," he says, "I take to be this: the court is to collect the intention of the testator, whether his intention was that the life interest should not continue; and it is to collect the intention from the whole will, looking to the primary disposition for the purpose of seeing to what extent the interest is given, and to the ulterior disposition for the purpose of seeing to what extent and in what events the primary disposition is defeated. If, on the one hand, the court upon this examination finds that there is a limitation over, and that it meets the event which has occurred, it is plain that the testator did not intend the life interest to continue in that event, and it ceases accordingly; but if, on the other hand, the court upon the examination finds that the limitation over does not meet the event which has occurred, there is no evidence of the testator's intention that the life interest should not continue in that event, and it therefore continues." *Rochford* v. *Hackman*, 9 Hare, 481.

The second item of the will in this case gives the land to the testator's wife " during her natural life."

The third item gives the land which the wife has "while she lives" to Edward Scruggs "after her death." The limitation over does not meet the event which has occurred, the removal from the land and the renting of it. There is, consequently, no evidence of the testator's intention that the life interest should not continue in these events, "and it therefore continues."

Affirm the decree with costs.