(92 App. Div. 91.)

ULLMAN et al. v. CAMERON et al.

(Supreme Court, Appellate Division, Third Department. March 15, 1904.)

1. TESTAMENTARY TRUST IN PERSONALTY—LIABILITY FOR BENEFICIARIES' DEBTS.

A will bequeathed all testatrix's property, which was wholly personal, in trust for her husband, providing that when he should desire to engage in business, and should give notice that he desired the whole or any part of the trust sum, it should be given to him. Personal Property Law (Laws 1896, p. 571, c. 547) § 3, provides that the right of the beneficiary to enforce performance of a trust to receive the income of personalty, and apply it to the use of any person, cannot be transferred, but that the right and interest of the beneficiary of any other trust may be transferred. Held, that the trust was such as could be transferred by the beneficiary, and that the title should be deemed to vest in him, and hence the trust fund was liable for his debts.

2. APPEAL—NONJOINDER OF PARTIES.

On appeal from a judgment dismissing on its merits the complaint in an action by creditors of the beneficiary of the testamentary trust to reach the trust property, in which there was no evidence that residuary legatees of whatever remained of the trust fund at the beneficiary's death were alive at the commencement of the action, the complaint cannot be considered defective because they were not made parties.

Houghton, J., dissenting.

Appeal from Special Term.

Action by Morris Ullman and others against Charles E. Cameron and another. Judgment for defendants, and plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

T. B. & L. M. Merchant, for appellants.

M. H. Kiley, for respondent Charles E. Cameron.

D. W. Cameron, for respondent Albert L. Cameron.

PARKER, P. J. The plaintiffs in this action, on July 11, 1901, recovered a judgment against the defendant Charles E. Cameron for

$561.02, and seek to collect the same from a certain fund in the custody of the defendant Albert L. Cameron, and which it is claimed he holds as trustee for said Charles E. Cameron under the will of Jane M. Cameron, deceased, who was his wife. At the time of her death the fund consisted entirely of personal property, and the provisions of the will under which such trust is claimed are as follows:

"First. I hereby give, devise and bequeath all of my estate both real and personal, of every name, kind and nature whatsoever, in trust for the uses and purposes hereinafter named to Albert L. Cameron of Smithfield, N. Y., my executor hereinafter named.

"Second. I hereby will and direct the said Albert L. Cameron to pay over to my husband Charles E. Cameron, semiannually, all of the income, rents, issues and profits of my said estate, and so much of said principal sum as may be necessary for his support and maintenance for and during the term of his natural life.

"Third. I further will and direct, that whenever the said Charles E. Cameron shall desire to engage in any business or enterprise, and shall give notice thus to the said Albert L. Cameron, that he desires the whole or any part of such principal sum for such purpose, it is my will and in that case, I hereby direct the said Albert Cameron to pay over and deliver to the said Charles E. Cameron the amount so desired by him out of the principal sum so given to him in trust by the first clause hereof."

The will further provided that all of such trust fund that remained in the hands of the trustee after the death of her said husband should be paid over by him to certain residuary legatees therein named.

The first and second clauses above quoted, it may be conceded, constitute a valid trust. Under subdivision 3 of section 76 of the real property law (Laws 1896, p. 571, c. 547) such a trust is allowed as to real estate, except, perhaps, as to the provision allowing a portion of the principal fund to be annually applied, in the discretion of the trustee, to said Cameron's support, and as to personal property such a provision is probably a valid disposition of the same. The appellant, however, claims that the effect of the third clause is to vitiate the whole bequest and render the attempted trust invalid.

If the subject-matter of the trust had been real estate, and if such third clause had provided that whenever said Charles E. Cameron desired the said trustee should pay over to him the whole of said trust fund, it would have rendered the trust an invalid one under the rule stated in Wendt v. Walsh, 164 N. Y. 154, 58 N. E. 2. The title to the whole property, under the provisions of sections 72, 73, and 129 of the real property law (pages 570, 579), would then have vested in Charles E. Cameron instead of in the trustee. The question arises whether, under the language actually used in such third clause, the same result should not follow. Under section 73, if the intent of the bequest was that the possession, as well as the profits of the fund, was to vest in Charles E. Cameron, then it should have been made directly to him, and no estate whatever vested in the trustee. So by section 72, if Charles E. Cameron was entitled to the possession of the fund bequeathed, he must be deemed to have the legal estate therein to the same extent as the beneficial interest given him thereby.

Now, he was evidently entitled to the possession of such fund if he demanded it for the purpose of engaging "in any business or enterprise," and it seems to me that such a purpose is so broad and so per-

sonal to the beneficiary that it is equivalent to a direction that he is entitled to it whenever he asks for it. The term of the trust seems to depend entirely upon the will of the beneficiary. He may end the trust and take possession absolutely whenever he desired to; that is, whenever he notifies the trustee that he wishes the fund to use in his business. And, having the right to ask at any time, the situation seems to be practically like that presented in Wendt v. Walsh, above cited.

But the property disposed of by the will was personal property only, and the further question is presented whether a similar principle should be applied to it. Had the bequest been such as is contained in the first and second clauses only, under the provisions of section 3 of the personal property law, so much of the income as was needed for the support of the beneficiary and his family could not be reached by his creditors, but the surplus might be so reached. See, also, Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Hallet v. Thompson, 5 Paige, 583; Wetmore v. Truslow, 51 N. Y. 338; Williams v. Thorn, 70 N. Y. 270; Schenck v. Barnes, 156 N. Y. 316, 320, 50 N. E. 967, 41 L. R. A. 395.

But the third clause so completely changes the character of the trust that, as suggested above, it substantially becomes a mere naked trust, and, as provided in such third section, it becomes such an "other trust" as may be transferred by the beneficiary, and hence is applicable to the claims of his creditors. Williams v. Thorn, 70 N. Y. 270, 278. It is not protected by the provisions of such third section, and in analogy to the rule laid down in the real property law, the title should be deemed to vest in the beneficiary, and not in the trustee. In Hallett v. Thompson, 5 Paige, on page 587, it is said:

"It is very obvious from the terms in which the bequest was made that the object of the testatrix was not to secure to the legatee a support and maintenance out of the interest or income of a trust fund which should be inalienable by the cestui que trust, in analogy to the provision before referred to in relation to a similar trust to receive the rents of real estate for the same object. On the contrary, it was an attempt to give to the legatee an absolute and uncontrollable interest in personal estate, and at the same time to prevent its being subject to the usual incidents of such an absolute right to property, so far as the rights of creditors are concerned. This cannot be done consistently with public policy or the settled rules of law."

Hence I conclude that the property in question belonged to the beneficiary, and was liable for his debts.

It is further urged that the residuary legatees named in such will were necessary parties, and that, not having been joined in this action, it cannot be maintained by the plaintiff. Although that defense is set up in the answer, there is no evidence in the case that either of such legatees was living at the time of the commencement of this action, and the trial judge has made no finding of fact nor of law upon that question. He has placed his decision upon the sole ground that the beneficiary had no property in the fund sought to be reached.

A defense that necessary parties are not joined is in the nature of a plea in abatement, and, like all issues tendered, it must be proven. We cannot now hold that the complaint ought to have been dismissed because the residuary legatees named in the will were not made par-

ties, when we do not know that either of them was living when the action was commenced.   Concede that no judgment should be rendered against the validity of this trust unless such residuary legatees, or their successors, are before the court, nevertheless the fact that they were ·not made parties cannot be invoked upon this appeal to sustain the decision made by the trial judge, which dismisses this complaint upon the merits.

The judgment should be reversed, with costs, and a new trial granted, with costs to the appellants to abide the event, which will give to the trustee an opportunity to have such residuary legatees brought in and such a judgment rendered as will be binding upon them and a protection to himself.   All concur, except HOUGHTON, J., dissenting.