## FAILURE TO MAKE TENDER.

Common Pleas Court of Hamilton County.

JOHN WEIS v. EDWARD WEIS ET AL.

Decided, March 3, 1909.

*Pleading—Action to Set Aside Agreement for Sale and Purchase of Property—Tender—Amendment—Section 5119.*

A petition in an action to rescind an alleged fraudulent agreement must allege tender of the consideration received as a condition precedent; and failure to aver that tender has been made can not be cured by a supplemental petition alleging subsequent accrual.

*Horstman & Horstman,* for plaintiff.
*J. B. O'Donnell,* contra.

GORMAN, J.

The amendment to the petition sets up that on February 24, 1909, the plaintiff tendered to the defendants $2,250 in legal tender money and requested from defendants a reconveyance of an undivided one-fourth interest in certain real estate to plaintiff, and offered to restore the defendants in all respects in respect to said estate, etc., but that the defendants refused said tender and offer. Plaintiff therefore prays that said agreement be set aside, etc.

This amendment to the petition is to be taken and read in connection with the original petition and as a part thereof. In fact, it is a supplemental petition under Section 5119, Revised Statutes, setting up facts material to the case which occurred subsequently to the filing of the original petition. The original petition was filed on August 19, 1908, and the facts set up in the amendment to the petition occurred on February 24, 1909.

Judge Charles J. Hunt, of this court, on a demurrer to the original petition, held that if this is an action to rescind the alleged fraudulent agreement set up in the original petition, a refunder of the $2,250 must first be tendered, inasmuch as plaintiff does not come within the exceptions referred to in *Manhattan Life Ins. Co.* v. *Burke,* 69 Ohio St., 294. In order to

cure the averments of the original petition, plaintiff, after the demurrer to his original petition was sustained, avers that he made the tender on February 24, 1909, which was long after this action was commenced.

In order to maintain this action it is not sufficient for plaintiff to aver that subsequently to the bringing of the action he offered to put the defendants in *statu quo*. As a condition precedent to the right to maintain this action he must allege and prove that before the commencement of the action he made the tender. If he failed to make the tender before bringing the action he has no cause of action, because *non constat* if the tender were made before the action was begun, the defendants would have accepted the offer and rescinded, in which event the plaintiff wou'd have no cause of action against the defendants. This seems to be the holding of the Supreme Court in the case of *Manhattan Life Ins. Co.* v. *Burke, supra,* as indicated by the following language of Judge Spear on page 302:

"In an action to rescind, the petition should allege the fact of such return or tender, prior to, or at least contemporaneous with, the commencement of the suit."

It would appear that the plaintiff brought his action prematurely—before he had offered to place the defendants in *statu quo;* and he now seeks by way of amendment to his petition to set up facts which have occurred subsequently to the commencement of the action to vitalize his original petition. But if these facts must have existed at the time the action was commenced in order to entitle the plaintiff to bring and maintain his action, it is difficult to understand how the tender can be made to have a retroactive effect so as to speak as of the time when the action was commenced.

A premature action is not curable by filing a supplemental petition showing subsquent accrual, for an action is supported by facts existing when it was begun. This fact of the tender did not exist at the time this action was begun. See in support of this proposition: *Morse* v. *Steel,* 132 Cal., 456; *Lewis* v. *Fox,* 122 Cal., 244; *Dickerman* v. *Railway,* 72 Conn., 271; *Muller* v. *Earle,* 37 N. Y. Super. Ct., 388; *Lowry* v. *Harris,* 12 Minn., 255; *Smith* v. *Smith,* 22 Kan., 487; *Wetmore* v. *Truslow,* 51 N. Y., 338.

Demurrer to amendment to petition sustained.