SIEMERS v. MORRIS et al.   (No. 187/102.)

(Supreme Court, Appellate Division, Third Department.  September 15, 1915.)

TRUSTS ⊙⟞12—VALIDITY—SPENDTHRIFT TRUST.

> Where a will devised and bequeathed the entire estate in trust, directing that the income should be paid for the support of testator's son in the discretion of the trustee, declaring that no part of the estate so given in trust for the support of the son should go to, be had by, or be obtained by any creditor of such son in any manner, thereafter directing that, should the son at any time become free and discharged from indebtedness, the trustee, on request by such son, should transfer and pay over to him the entire estate, which should be held by the son as his absolute property, the trusteeship ceasing, such trust was valid, since, as the son was entitled to ownership of the devised property only upon a contingency, it could not be said that the testator undertook to make a gift and to keep it from the donee's creditors.

> [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 10; Dec. Dig. ⊙⟞12.]

Appeal from Special Term, Madison County.

Action by John H. Siemers against Adon Morris and others. Judgment for plaintiff, and defendants appeal. Reversed, and judgment directed, dismissing the complaint.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Brown & Woolver, of Oneida (R. H. Woolver, of Oneida, of counsel), for appellants.

George E. Philo, of Utica (James E. Brewer, of Utica, of counsel), for respondent.

LYON, J. The single question for determination upon this appeal is as to the validity of a trust created by the will of Laura A. Morris, deceased, the relevant portions of which are as follows:

"Second.—I give, devise and bequeath to my daughter-in-law, Lizzie Morris, all of my estate, both real and personal, of every name and nature, in trust, for the purpose hereinafter declared.

"Third.—I direct that she keep the real estate and all the personal property invested in good securities, and apply such portion of the income of the estate from time to time as her judgment may deem necessary for the maintenance and support of my son, Adon Morris, and his family as long as my son may live (unless my property is sooner exhausted). And at the death of my son, Adon S. Morris, I direct that my property (or so much thereof as may be left) after supporting my son, Adon S. Morris, shall be divided equally or in equal proportions, to share and share alike to my son's, Adon S. Morris', children.

---

⊙⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Fourth.—I hereby express and emphatically declare that no part of my estate, so given in trust to Lizzie Morris, for the maintenance and support of my son, Adon S. Morris, shall go to, or be had by, or be obtained in any manner by any creditor of the said Adon S. Morris.

"Fifth.—I further order and direct that in the event or in case that my son, Adon S. Morris, shall at any time during his lifetime become free and discharged from all his debts, judgments, claims, and demands against him, that then, and in that case, the said Lizzie Morris shall on request of my said son, Adon S. Morris, and without unnecessary delay, deed, transfer, and deliver and pay over to my son, Adon S. Morris, all of my estate so intrusted and remaining in her hands, and the same shall be received by my son, Adon S. Morris, and thereafter become his absolute property, to be had, used, and controlled by him, and trusteeship of the said Lizzie Morris shall thereupon cease."

The plaintiff is a judgment creditor of Adon S. Morris, and by this action seeks to have the attempted trust adjudged invalid as to creditors, and the real estate of Laura A. Morris, deceased, charged with the payment of the judgment. The learned trial court held, relying upon the case of Ullman v. Cameron, 186 N. Y. 339, 78 N. E. 1074, 116 Am. St. Rep. 553, that the trust attempted to be created was invalid, that Adon S. Morris took an estate in fee absolute in the real estate of the testatrix, and directed that the real estate be sold under said judgment. From the judgment entered upon such decision, this appeal has been taken.

We think the decision in Ullman v. Cameron is not applicable. In that case the will, after directing the payment by the executor to the husband of the testatrix of the income of the estate and of so much of the principal as might be necessary for his support and maintenance during the term of his natural life, provided:

"Third. I further will and direct that whenever the said Charles E. Cameron shall desire to engage in any business or enterprise, and shall give notice thus to the said Albert L. Cameron that he desires the whole or any part of such principal sum for such purpose, it is my will, and in that case I hereby direct the said Albert L. Cameron to pay over and deliver to the said Charles E. Cameron the amount so desired by him out of the principal sum so given to him in trust by the first clause hereof."

The Court of Appeals, in its opinion, adopted the language of Parker, P. J., when the case was first before this court on appeal (92 App. Div. 91, 94, 87 N. Y. Supp. 148, 149), where he said:

"Now, he was evidently entitled to the possession of such fund if he demanded it for the purpose of engaging 'in any business or enterprise'; and it seems to me that such a purpose is so broad and so personal to the beneficiary that it is equivalent to a direction that he is entitled to it whenever he asks for it."

And the Court of Appeals held that the object of the trust included the right of the beneficiary to take the corpus of the estate at will, by simply notifying the trustee that he wished to engage in some business or enterprise, and that, while the possession and title were thus subject to his control, the court would declare the estate vested as to his creditors.

In the case at bar the beneficiary was not entitled to the possession or ownership of the devised property at will, and was only entitled to have it transferred to him when he should "become free and

discharged from all his debts, judgments, claims and demands against him." The claim of the respondent that the cases are parallel, in that in the case at bar the beneficiary may at his will apply a portion of the estate to the payment of the judgment and be then entitled to the absolute ownership of the remainder, is contradicted by the express wording of the will, which declares in most positive language that no part of the testatrix's property shall be used in the payment of the debts of her son. The judgment was obtained against Adon S. Morris, as the indorser of a promissory note of less than $200, and the testatrix plainly intended that the liability should be discharged by the maker of the note, or, if by her son, then from funds entirely outside those of her estate.

We think the decision applicable to the question at issue is that of Hull v. Palmer, 213 N. Y. 315, 107 N. E. 653, the opinion in which was not handed down until long after the trial and decision of the case at bar. In that case the will bequeathed the sum of $50,000 in trust, the net income to be paid or, applied for the use of the testator's son and then provided:

"It is my wish in making this provision that my said son shall have the principal of said trust fund whenever he shall become financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund. In order to carry out this design I expressly authorize and empower my said trustee upon receiving a written statement from my said son saying that he is financially solvent and able to pay his just debts and liabilities from resources other than the principal of this trust fund * * * to pay over to my said son, absolutely in its own judgment, * * * the principal of the said trust fund."

Judge Miller, writing for an unanimous court, said:

"It is to be observed that this is not a case in which a testator has undertaken to make a gift, and to keep it from his donee's creditors. It might in some aspects be termed a gift to encourage the donee to pay his debts, because, only by making such payment, or by showing the ability to pay, could the donee have the gift. The testator had a right to impose that condition. He had a right to keep his property away from his son's creditors by not giving it to the son at all, unless the latter was able to pay his debts from other resources, and in the plainest language the testator manifested an intention to do precisely that thing."

We think this decision is applicable in the case at bar, and that the provision in question is valid.

The judgment appealed from should be reversed, with costs, and judgment directed for the defendants, dismissing the complaint upon the merits, with costs in all the courts. All concur.