By the Court,

Nelson, C. J.
The counsel for the defendant below is mistaken in supposing that the plaintiff undertook to set up under the replication of de injuria a right of way, as an excuse for refusing to leave the premises of the defendant. If he had, the objection to the evidence would have been well taken, as the matter should have been specially replied. The ground relied upon by the plaintiff was, that he stood'upon the common highway, and not within the plaintiff’s dwelling or curtilage. This met the issue directly; and if maintained, disproved the plea. It was upon this view that the proof was received. I think the court were right also in putting the question of excess of force by the defendant to the jury. There are some cases in England, which indicate that this should be replied spe *284 cially, and cannot be raised under the general replication, 1 Bing. 217 : 1 Carr. & P. 394. Mr. Chitty obviously countenances the view taken by the court below, and which I am satisfied accords with the prevailing practice at the circuits in this state, 1 Chitty Pl. 563, & n. a ; see also, 1 Saund. Pl. and Ev. 97, where a like opinion is expressed and supported [ *373 ] by the *authorities. See also, 15 Mass. R. 347 ; and 5 Barn. & Ald. 220.
It appears to me, that the matter should be regarded within the issue upon general principles. The replication de injuria, in effect, traverses every material allegation in the plea, and for this reason is said to be proper when it is untrue. Molliter manus imposuit is an essential averment, 1 Chitty's Pl. 524, importing that no more than reasonable force was used, and which among other matters is denied by this form of pleading. The defendant must nob only show an excuse for the assault; but also, that it was in some reasonable proportion to the circumstances under which it became necessary. If more was used, this allegation fails, and with it the plea.
I admit a new assault distinct from the one set up in the declaration and met by the plea, cannot be resorted to unless the plaintiff new assigns: but to require this in respect to the excess of resistance in the one already on the record, would be an unnecessary and useless refinement, and tend to prolixity in the pleadings.
Judgment affirmed.