## SUPREME COURT.

WILLIAM GERE and JOHN N. PROCTOR agt. BRADFORD DIB-
BLE, MARY VOSBURGH and EDWIN PORTER, Receiver.

A creditor's suit can be maintained by judgment creditors on their own account
and for their exclusive benefit, after a receiver of the debtor's property in sup-
plementary proceedings has been appointed, to set aside as fraudulent and de-
clare void a mortgage previously given by the judgment debtor upon his real
estate, and to secure the proceeds of the debtor's property to the satisfaction of
their judgments, where their judgments were recovered and became a lien on
such real estate of the debtor *prior* to the appointment of the receiver.

And further, the plaintiffs have a right to take the position, and to maintain the
action upon the ground that the receiver will not, or neglects to act in the prem-
ises; and the receiver is properly made a party defendant in such an action.

*It seems* that the plaintiffs could not maintain such an action where *all* their judg-
ments were recovered against the debtor and docketed after the property had
passed into the receiver's hands.

*Erie General Term, November,* 1858.

GROVER, *P. J.,* GREEN, MARVIN *and* DAVIES, *Justices.*

APPEAL from order of special term, overruling demurrer to
complaint.

It appears from the complaint, that the defendant Dibble, on
the second day of January, 1855, was seized and possessed of
certain premises described; that on that day he mortgaged the
premises to the defendant Mary Vosburgh, for the considera-
tion as stated in the mortgage, of $557, to be paid at the ex-
piration of ten years. The mortgage was recorded.

December 15th, 1856, the plaintiffs recovered a judgment of
$145.53 in the supreme court against Dibble. Execution was
issued and returned unsatisfied. November 21st, 1856, one
Brown recovered a judgment against Dibble, for $125.85, in
the supreme court. Execution was issued and returned un-
satisfied. Brown, January 9th, 1858, assigned the judgment
to the plaintiffs. December 26th, 1856, one Wilder recov-
ered a judgment for $81.75 against Dibble. Execution and

then assignment to plaintiffs. It is alleged that Dibble in 1854, gave to Mrs. Vosburgh, his mother-in-law, $600; that at that time Dibble was largely indebted to the plaintiffs and other persons, and liable for a large amount, to wit: $800, and was in embarrassed circumstances. The complaint contains allegations tending to show that the gift of $600 and the mortgage was fraudulent and void as to creditors, &c., and charges that the mortgage was colorable, &c., &c.

It is alleged, that on or about December 15th, 1856, the said Brown commenced supplementary proceedings before the county judge against Dibble, and that the defendant Porter, on the 23d of December, 1856, was duly appointed receiver, &c. Porter accepted the trust, gave security, &c.; that Porter has neglected to institute or prosecute any proceedings for the removal or discharge of the mortgage, or to secure the application of Dibble's property, or any part of it, to the payment of the plaintiffs' demands, or any of them.

The relief they ask is, that the mortgage be adjudged fraudulent and void as to the plaintiffs, and that it be cancelled and discharged of record; that the receiver be directed to sell the premises and to apply the proceeds of the sale, or a sufficient part thereof, to the payment of the plaintiffs' claims on the judgment, &c.

The defendants demurred to the complaint on the grounds:

First. That the plaintiffs have not legal authority to sue or bring the action against the defendants.

Second. That several causes of action have been improperly united.

Third. A defect of parties plaintiff. That Porter should not have been made defendant, but should have been sole plaintiff as receiver.

Fourth. That the complaint does not state facts sufficient to constitute a cause of action against the defendants.

Judgment upon the demurrer was given to the plaintiffs, with leave to answer, &c., and the defendants appealed to the general term.

BESSAC & BULLARD, *for the plaintiffs.*
TUCKER & HOLMES, *for defendants.*

By the court—MARVIN, Justice. Assuming as we must, that the mortgage executed by Dibble to Mrs. Vosburgh, was fraudulent and void as to the creditors of Dibble, it follows that the judgment of $125.85 in favor of Brown, recovered March 24th, 1856, and the judgment of $145.53 in favor of the plaintiffs, recovered December 15th, 1856, were liens upon the land mortgaged.

They were recovered and docketed before the receiver was appointed. He therefore became seized of the land as receiver subject to the lien of these judgments. Porter was appointed receiver December 23d, 1856, and the judgment in favor of Wilder was recovered and docketed December 26th, 1856. The plaintiffs at the commencement of the action were the owners of all these judgments. They had become the owners of the judgment in favor of Brown, upon which the proceedings had been had, resulting in the appointment of the defendant Porter, as receiver.

It was insisted upon the argument by the defendants' counsel, that the plaintiffs could not maintain this action ; that it could only be brought and maintained by Porter the receiver, and *Wilson* agt. *Allen*, (6 *Barb*. 542,) and *Porter* agt. *Williams*, (5 *Seld*. 148,) were cited. A manuscript opinion of Judge GARDINER, as a referee in *Rich* agt. *Manley and others*, has also been furnished since the argument. These cases are not in point. In the first case, it was decided that a receiver appointed in a creditor's suit can maintain an action of trover for the property belonging to the defendants in the creditor's bill, without showing an assignment executed by all such defendants.

In *Porter* agt. *Williams*, the receiver was appointed in supplemental proceedings under the Code, and he brought the action to set aside an assignment as fraudulent, made by the debtors, and it was held by the court of appeals, that the receiver could maintain the action. It was not decided that a

judgment creditor could not maintain the action after the appointment of the receiver.

In the case decided by Judge GARDINER as referee, the action was by a judgment creditor, for the purpose of setting aside a fraudulent mortgage executed by the debtor prior to the rendition of the judgment. Prior to the recovery of the judgment, a receiver of the property of the debtor had been appointed in supplementary proceedings under the Code, at the instance of another creditor, and it was held by the learned referee, that the plaintiff could not maintain the action. It has been decided that a receiver appointed in supplemental proceedings, is at once seized of the real as well as personal property of the debtor. This being so, it was clear in *Rich* agt. *Manley*, that the plaintiff never had any lien upon the land which his debtor had mortgaged, as the title passed to the receiver before the rendition of the judgment. Not so in the present case. Here two of the judgments were liens, and the receiver took the land subject to such liens. The plaintiffs could have sold the land upon executions, and if not redeemed, could bring ejectment, and thus contest the validity of the mortgage; and I may suggest, that such it seems to me, would have been the preferable course. But the remedy by action in the nature of a creditor's suit, still exists as I suppose, and as seems to be generally understood.

Assuming that the receiver Porter, could have brought the action to set aside as fraudulent the mortgage, it would not follow that the plaintiffs may not maintain the action for the same purpose, on their own account and for their exclusive benefit, to the extent of the judgments that were liens, when the receiver was appointed. The plaintiffs have made the receiver a party defendant, and this, I think, was proper. He has, in his character of receiver and trustee, an interest. The title to the land is in him subject to the liens of the judgment, and whatever of the avails of a sale of the land shall remain after satisfying the judgments that were liens, will go to him as such receiver. It seems to me that he is a proper party defendant, without reference to the allegations in the complaint that he

had neglected to institute or prosecute any proceedings for the removal or discharge of the mortgage, or to secure the application of the debtor's property to the payment of the plaintiffs' demands. The plaintiffs, however, do complain of the neglect of the receiver; and it seems to me that they have a right to take this position, and to maintain this action upon the ground that the receiver will not act in the premises. Whatever view we take of the case, I think the plaintiffs are properly in court, and that all the defendants were properly made parties to the action. I do not think it material to inquire whether the plaintiffs, if they establish their case as made in the complaint, will be entitled to a judgment in the form demanded. There is no improper union of different causes of action. There is but one cause of action. There were three judgments owned by the plaintiffs. One of them docketed after the receiver was appointed, would not alone, according to the decision of Judge GARDINER in *Rich* agt. *Manley*, have authorized the plaintiffs to sue, but the other judgments give them the right to come into court notwithstanding the appointment of the receiver.

The order or judgment appealed from, should be affirmed.