MORRIS ULLMAN et al., Respondents, *v.* ALBERT L. CAMERON, Individually and as Trustee under the Will of JANE M. CAMERON, Deceased, Appellant, Impleaded with Others.

1. TRUSTS — WHEN TESTAMENTARY TRUST VOID AS TO CREDITORS OF CESTUI QUE TRUST. A testamentary trust to pay to the husband of testatrix all of the income and such part of the principal of the estate as might be necessary for his support and maintenance, and whenever he should "desire to engage in any business or enterprise" to pay him, upon notice, "the whole or any part of such principal," is void as to creditors, and a judgment obtained against him after the death of testatrix is an enforceable lien against real estate covered by the attempted trust.

2. SAME — WHEN JUDGMENT CREDITORS MAY MAINTAIN ACTION TO CHARGE PROPERTY HELD UNDER TRUST — RECEIVER IN SUPPLEMENTARY PROCEEDINGS NOT NECESSARY PARTY PLAINTIFF. Judgment creditors of such *cestui que trust* are proper parties plaintiff in an action in equity to have the attempted trust adjudged void and the land covered by the trust charged with the payment of their judgment, and may maintain such action, notwithstanding a receiver has been appointed in proceedings supplementary to the return of an unsatisfied execution, issued upon their judgment, since the appointment of the

receiver did not transfer the lien of the plaintiffs' judgment to him. He took the land subject to their lien. They still owned it and had a right to enforce it. They had a cause of action for that purpose which was exclusively their own, and in which he had no interest. They did not assign their judgment to him by procuring his appointment, nor did they thereby assign their lien to him, or estop themselves from enforcing it.

*Ullman* v. *Cameron*, 105 App. Div. 159, affirmed.

(Argued October 19, 1906; decided November 13, 1906.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 15, 1905, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The case made by the amended complaint is that the plaintiffs are judgment creditors of one Charles E. Cameron, with an execution returned unsatisfied and a receiver appointed in proceedings supplementary to the execution issued upon their judgment. The judgment was recovered on the 11th of July, 1901. Early in January, 1900, one Jane N. Cameron, wife of the said Charles, died, leaving a last will and testament, the material parts of which are as follows:

"*First.* I hereby, give, devise and bequeath all of my estate, both real and personal of every name, kind and nature whatsoever, in trust for the uses and purposes hereinafter named, to Albert L. Cameron of Smithfield, N. Y., my Executor hereinafter named.

"*Second.* I hereby will and direct the said Albert L. Cameron to pay over to my husband, Charles E. Cameron, semi-annually, all of the income, rents, issues and profits of my said estate and so much of said principal sum as may be necessary for his support and maintenance for and during the term of his natural life.

"*Third.* I further will and direct that whenever the said Charles E. Cameron shall desire to engage in any business or enterprise and shall give notice thus to the said Albert L. Cameron that he desires the whole or any part of such principal sum for such purpose it is my will, and in that case I

hereby direct the said Albert L. Cameron to pay over and deliver to the said Charles E. Cameron the amount so desired by him out of the principal sum so given to him in trust by the first clause hereof.

"*Fourth.* I hereby give, devise and bequeath all the rest, residue and remainder of the said trust estate created by the first clause hereof which shall remain in the hands of said Albert L. Cameron as such trustee or executor after the death of my said husband to my sister, Lucy Morrison, and to Ann M. Cameron, my husband's sister, and to John T. Cameron, Albert L. Cameron and Delos W. Cameron, brothers of my said husband, share and share alike, and to their heirs and assigns forever. And it is my will and I hereby direct the said Albert L. Cameron to pay over and deliver such remainder as herein provided."

By the fifth and last clause Albert L. Cameron was appointed sole executor, with full power to execute said trust.

Mrs. Cameron, the testatrix, left some household furniture of small value and a bond and mortgage worth $3,500, but no real estate, although in July, 1901, the land covered by the mortgage was conveyed to Albert L. Cameron, " as trustee as aforesaid," in satisfaction of said bond and mortgage, and upon the same trust under which they were held. The remaindermen named in the fourth clause, as well as the receiver, were made parties defendant when the complaint was amended by order of the court after a trial, but no reason was set forth therein why the receiver should not have been made the party plaintiff. The relief demanded is that the trust purporting to be created by the will be adjudged void as to the plaintiffs and the property covered by the alleged trust be charged with the payment of their judgment. There is also a prayer for an accounting.

The defendant Albert L. Cameron demurred to the complaint upon the following grounds: " *First.* That the plaintiffs have no legal capacity to sue in that the title to the said cause of action is in the defendant, William E. Lounsbury, as Receiver, and that the plaintiffs have no title to the same.

" *Second.* That there is a defect of the parties plaintiff in that the plaintiffs are not the proper parties to bring this action ; that if any cause of action exists, as alleged in the complaint, it belongs to the defendant, William E. Lounsbury as Receiver, and that he should be the party plaintiff, and that the defendant, William E. Lounsbury, as Receiver, should not be made a party defendant to the said action.

" *Third.* That the complaint does not state facts sufficient to constitute a cause of action."

The judgment rendered at the Special Term overruling the demurrer was affirmed by the Appellate Division, but subsequently leave was given to appeal to this court and the following questions certified for review :

" *First.* Should the demurrer of Albert L. Cameron, defendant individually and as trustee, be sustained upon the ground that the plaintiffs have not legal capacity to sue, in that the title to the said cause of action is in the defendant, William E. Lounsbury as Receiver, and that the plaintiffs have no title to the same ?

" *Second.* Should the demurrer be sustained upon the ground that there is a defect of parties plaintiff in that the plaintiffs are not the proper parties to bring this action ; that if any cause of action exists as alleged in the complaint it belongs to the defendant, William E. Lounsbury as Receiver ; that he should be the party plaintiff and not be a party defendant to the said action ?

" *Third.* Should the said demurrer be sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action ? "

*M. H. Kiley* for appellant. The plaintiffs have no legal capacity to sue, in that the title to the said cause of action is in the defendant William E. Lounsbury, as receiver, and the plaintiffs have no title to that cause of action ; if any cause of action exists, and if any action can be maintained, it must be enforced and maintained by the defendant William E. Lounsbury as plaintiff. (Code Civ. Pro. §§ 2468,

2469; *McCorkle* v. *Herman*, 117 N. Y. 297; *Maston* v. *Amerman*, 51 Hun, 244; *Dubois* v. *Cassidy*, 75 N. Y. 298; *Webb* v. *Osborne*, 27 N. Y. S. R. 792; *F. Nat. Bank* v. *Martin*, 49 Hun, 571; *Matter of Castle*, 2 N. Y. S. R. 363; *Rodman* v. *Henry*, 17 N. Y. 482; *W. Bank* v. *Pugsley*, 47 N. Y. 372; *Payne* v. *Becker*, 87 N. Y. 153; *Charlier* v. *S. S. S. Co.*, 7 App. Div. 609.) The complaint does not state facts sufficient to constitute a cause of action. (*Gilman* v. *Reddington*, 24 N. Y. 9; *Cutting* v. *Cutting*, 86 N. Y. 522; *Lent* v. *Howard*, 89 N. Y. 169; *Hogan* v. *Curtin*, 88 N. Y. 162; *Cuthbert* v. *Chauvet*, 136 N. Y. 326; *Bliven* v. *Seymour*, 88 N. Y. 469.) Reading all of the provisions of this will together, absolute power of disposition was not given and was not intended to be given to the *cestui que trust*. (*R. I. T. Co.* v. *Nat. Bank*, 14 R. I. 625; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Rose* v. *Hatch*, 125 N. Y. 427; *F. Nat. Bank* v. *Miller*, 24 App. Div. 551; *Leggett* v. *Firth*, 132 N. Y. 7; *Wager* v. *Wager*, 96 N. Y. 164.)

*T. B. Merchant* and *L. M. Merchant* for respondents. Respondents are the proper parties plaintiff. (Code Civ. Pro. § 488, subd. 3; *Boughton* v. *Allen*, 11 Paige, 321; *Osgood* v. *Franklin*, 2 Johns. Ch. 1; *Simson* v. *Satterlee*, 64 N. Y. 657; *Chadeayne* v. *Gwyer*, 83 App. Div. 403; *Nat. Bank* v. *Bussing*, 147 N. Y. 665; *Dubois* v. *Cassidy*, 75 N. Y. 298; *Wright* v. *Nostrand*, 94 N. Y. 31; *I. & T. Nat. Bank* v. *Quackenbush*, 143 N. Y. 567; *Mandeville* v. *Avery*, 124 N. Y. 376.) The complaint states facts sufficient to constitute a cause of action. (*Hallett* v. *Thompson*, 5 Paige, 583; *Degraw* v. *Clason*, 11 Paige, 136; *Palmer* v. *Hallock*, 94 App. Div. 485; *Clute* v. *Bool*, 8 Paige, 83; *Wells* v. *Ely*, 11 N. J. Eq. 172; *Arzbacker* v. *Mayer*, 53 Wis. 380; *Campbell* v. *Foster*, 35 N. Y. 361; *Wendt* v. *Walsh*, 164 N. Y. 154; *Frazer* v. *Western*, 1 Barb. Ch. 220; *Sterricker* v. *Dickinson*, 9 Barb. 516.)

VANN, J. That the plaintiffs were under no legal disability, such as infancy, lunacy or the like, and, hence, had a legal

capacity to sue, cannot be seriously disputed according to the authorities, which make a clear distinction between "incapacity to sue" and "insufficiency of facts to sue upon." (*Ward* v. *Petrie*, 157 N. Y. 301, 311; *Bank of Havana* v. *Magee*, 20 N. Y. 355, 359.)

The appellant, however, contends that the receiver is not a proper party defendant because he should have been the sole plaintiff; and that the respondents are not proper parties plaintiff inasmuch as the cause of action, if any is set forth, belonged exclusively to the receiver.

If the trust is invalid as to creditors, title to the property covered thereby vested in Charles E. Cameron, the judgment debtor, in January, 1900, when his wife died, at least so far as the claims of creditors are concerned. The plaintiffs recovered their judgment in July, 1901, and during that month the most of the property was converted into real estate through the conveyance of the land covered by the mortgage to the trustee. The plaintiffs' judgment thus became a lien upon said real estate in July, 1901, and they had a cause of action in equity to set aside the trust as to them and enforce their lien. In February, 1902, the receiver was appointed, but that did not transfer the lien of the plaintiffs' judgment to him. He took the land subject to their lien. They still owned it and had a right to enforce it. They had a cause of action for that purpose which was exclusively their own, and in which he had no interest. They did not assign their judgment to him by procuring his appointment, nor did they thereby assign their lien to him, or estop themselves from enforcing it. Conceding that the property which was still personalty when the receiver was appointed vested in him with the exclusive right to appropriate it to the payment of the plaintiffs' debt, still he had no right to the lien of the plaintiffs' judgment on the real estate, and, hence, they had a cause of action, which never vested in him. He could acquire a lien by filing a bill in equity, while they already had one but needed equitable aid to enable them to enforce it. They could sell under execution and sue afterwards to clear the.

title, but he could not. The parties named had different rights as to the real estate, and were entitled to separate remedies. (*Gere* v. *Dibble*, 17 How. Pr. 31; *Bennett* v. *McGuire*, 58 Barb. 635.)

The final question is whether the complaint sets forth a cause of action, independent of the questions already passed upon. That question was considered by the Appellate Division upon an appeal from a judgment rendered for the defendants upon the merits before the complaint was amended. (*Ullman* v. *Cameron*, 92 App. Div. 91.) We adopt the language of the learned presiding justice, when, speaking for the court and referring to Charles E. Cameron, he said: "Now he was evidently entitled to the possession of such fund if he demanded it for the purpose of engaging 'in any business or enterprise;' and it seems to me that such a purpose is so broad and so personal to the beneficiary that it is equivalent to a direction that he is entitled to it whenever he asks for it."

The intention of the testatrix, as we glean it from the will, was to give the property to her husband and yet keep it from his creditors. The trust was an obvious pretext for that purpose. There was but a single trust, for the gift was of all the property to one person in trust for one person during his life with remainder over to others. The "uses and purposes" named as the object of the trust include the right of the beneficiary to take the corpus of the estate at will, by simply notifying the trustee that he wishes to engage in some business or enterprise. He is not obliged to actually engage in any business or enter upon some enterprise, but simply to say that he desires the property for either purpose, when the trustee has no discretion, but is required to pay over whatever is asked for, even to the extent of the whole fund. Although possession and title are thus subject to his control, it is insisted that until he calls for possession the property is not liable for his debts. The law will not endure this when creditors ask its aid to prevent it, but will declare the estate vested as to them as we did in *Wendt* v. *Walsh* (164 N. Y. 154).

Whether the trust should be sustained as to the persons named in the will, as distinguished from the creditors, need not now be passed upon. Unlike the case cited, which held the trust then under consideration to be a naked trust, in this case a trust term is defined and it may be that any property left at the death of the chief beneficiary will pass to the remaindermen and the intent of the testatrix thus carried out as far as possible. As to creditors, however, the trust cannot stand, for it is opposed to public policy as declared by statute and by the decisions of the courts. (1 R. S. 727; Real Prop. Law, §§ 71, 72, 73 and 129; *Hallett* v. *Thompson*, 5 Paige, 583; *Frazer* v. *Western*, 1 Barb. Ch. 220; *Wendt* v. *Walsh*, *supra;* Chaplin on Trusts, 585.)

In *Hallett* v. *Thompson*, Chancellor WALWORTH declared that it was "contrary to sound public policy to permit a person to have the absolute and uncontrolled ownership of property for his own purposes, and to be able at the same time to keep it from his creditors." That case was cited and the language of the chancellor substantially quoted with approval by Judge RAPALLO in *Williams* v. *Thorn* (70 N. Y. 270, 273), and it has received the approval of many courts in this state and elsewhere.

The doctrine is sound and applies to this case, for, as to my creditors, property is mine which becomes mine for the asking, and no words can make an instrument strong enough to hold it for me and keep it from them.

The order should be affirmed, with costs, and the questions certified answered in the negative.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; GRAY, J., absent.

Order affirmed.