CROSSMAN COMPANY, Respondent, *v.* FLORENCE H. RAUCH, Appellant.

(Submitted December 8, 1933; decided January 9, 1934.)

*Thomas J. Kavanagh* and *Thomas P. Mackey* for appellant. Section 15 of the Personal Property Law (Cons. Laws, ch. 41) exempts the proceeds of the policy of insurance and all benefits accruing thereunder to the appellant from levy under execution and they are not subject to legal process. (*Brearley School* v. *Ward,* 201 N. Y. 358; *N. Y. Plumbers Specialty Co.* v. *Stein,* 140 Misc. Rep. 161; *Chatham Phenix Nat. Bank & Trust Co.* v. *Crosney,* 251 N. Y. 189; *U. S. Mortgage & Trust Co.* v. *Ruggles,* 258 N. Y. 32; *Wittman* v. *Littlefield,* 142 Misc. Rep. 916; 235 App. Div. 831; *Surace* v. *Danna,* 248 N. Y. 18; *Kittel* v. *Domeyer,* 175 N. Y. 205; *Amberg* v. *Manhattan Life Ins. Co.,* 171 N. Y. 314; *Bull* v. *Case,* 165 N. Y. 578; *Matter of Di Donato* v. *Rosenberg,* 221 App. Div. 624; *Matter of Citizens Trust Co.,* 134 Misc. Rep. 683; *Lind* v. *Miller,* 145 Misc. Rep. 477.) The intention of the parties to the insurance contract, of which the trust agreement was a part, was to guarantee to the beneficiary the benefits of the policy in their entirety. The contract should be so construed as to effectuate rather than defeat that intention. (*Matter of Gates,* 51 App. Div. 350; *Board of Education* v. *Van Zandt,* 119 Misc. Rep. 124; 234 N. Y. 644; *Assn. Protection Adirondacks* v. *MacDonald,* 253 N. Y. 234; *Yates County Bank* v. *Carpenter,* 119 N. Y. 550; *Matter of Morse,* 206 Fed. Rep. 350; *Goldstein* v. *Standard Acc. Ins. Co.,* 204 App. Div. 452; *Rann* v. *Home Ins. Co.,* 59 N. Y. 387; *Silverstein* v. *Metropolitan Life Ins. Co.,* 254 N. Y. 81; *Kratzenstein* v. *Western Assur. Co.,* 116 N. Y. 54; *Herrman* v. *Merchants Ins. Co.,* 81 N. Y. 184; *Rickerson* v. *Hartford Fire Ins.*

*Co.*, 149 N. Y. 307; *Finery Silk Stocking Co.* v. *Ætna Ins. Co.*, 227 App. Div. 39.)

*Albert Hirst* for New York State Life Underwriters Association, *amicus curiæ*. Modes of settlement are not trusts; payments under them are not " income from trust funds " within the meaning of section 684 of the Civil Practice Act. If by agreement these payments are made unassignable they are necessarily exempt from levy of process. (*Black* v. *New York Life Ins. Co.*, 126 N. Y. Supp. 334; *Uhlman* v. *New York Life Ins. Co.*, 109 N. Y. 421; *Brown* v. *Spohr*, 180 N. Y. 201; *Martin* v. *Funk*, 75 N. Y. 134; *Matson* v. *Abbey*, 70 Hun, 475; 141 N. Y. 179; *Greene* v. *Greene*, 125 N. Y. 506; *Young* v. *Young*, 80 N. Y. 422; *Sullivan* v. *Sullivan*, 161 N. Y. 554; *Eadie* v. *Slimmon*, 26 N. Y. 9; *Barry* v. *Equitable Life Assur. Soc.*, 59 N. Y. 587; *Brummer* v. *Cohn*, 86 N. Y. 11; *Smillie* v. *Quinn*, 90 N. Y. 492; *Baron* v. *Brummer*, 100 N. Y. 372; *Frank* v. *Mutual Life Ins. Co.*, 102 N. Y. 266; *Brick* v. *Campbell*, 122 N. Y. 337; *Amberg* v. *Manhattan Life Ins. Co.*, 171 N. Y. 314.) The language of the agreement is sufficient to exempt all the payments from levy of execution. (*Fleischman* v. *Furgueson*, 223 N. Y. 235; *Stockwell* v. *National Bank of Malone*, 36 Hun, 583; *Surace* v. *Danna*, 248 N. Y. 18; *Diamond* v. *Palmer*, 79 Iowa, 578; *Matter of N. Y. State Gas & Electric Corp.* v. *Gilchrist*, 209 App. Div. 771; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; 8 Cow. 360; *Electric Reduction Co.* v. *Lewellyn*, 8 Fed. Rep. [2d] 91; 275 U. S. 243; *Bronson* v. *Syverson*, 88 Wash. 264; *Epping* v. *Columbus*, 117 Ga. 263.) Exemption laws, and especially laws granting exemption to life insurance, should be liberally construed in order to effectuate the benevolent intent of the Legislature. (*Carpenter* v. *Herrington*, 25 Wend. 370; *Matter of Keough*, 42 Misc. Rep. 387; *Ford* v. *Johnson*, 34 Barb. 364; *Surace* v. *Danna*, 248 N. Y. 18; *Matter of Pinals*, 38 Fed. Rep. [2d] 117; *Smith* v. *Metropolitan Life Ins. Co.*, 43 Fed. Rep. [2d] 74; *Chatham Phenix Nat. Bank & Trust Co.* v.

*Crosney*, 251 N. Y. 189; *Hickman* v. *Hanover*, 33 Fed. Rep. [2d] 873.)

*William E. Vogel* and *Joseph T. King* for respondent. The income from the trust fund is subject to garnishee execution pursuant to section 684 of the Civil Practice Act. (*Hamilton* v. *Drogo*, 241 N. Y. 401; *Matter of Havemeyer*, 127 Misc. Rep. 197; *Matter of Flint*, 118 Misc. Rep. 354; *Schaefer* v. *Fisher*, 137 Misc. Rep. 420; *Coller* v. *Sheffield Farms Co.*, 129 Misc. Rep. 600; *Brearley School* v. *Ward*, 201 N. Y. 358; *Matter of Ungrich*, 201 N. Y. 415; *Hoye* v. *Hipkins*, 182 App. Div. 901; *Judis* v. *Martin*, 218 App. Div. 402; *Matter of Daggett*, 130 Misc. Rep. 635.)

HUBBS, J.   The husband of the judgment debtor appellant procured from the Travelers Insurance Company of Hartford, Connecticut, an insurance policy upon his life for $50,000, payable after his death to his widow, the appellant, in two hundred and forty monthly installments, each of $6.25 per $1,000 of the proceeds of the policy, equivalent to $312.50 per month.   Attached to and made a part of the policy was an agreement, which reads in part:   " It is agreed that The Travelers Insurance Company, Hartford, Connecticut, shall receive such proceeds of the above contract as the Beneficiary hereinabove named shall become entitled to, if not less than One Thousand Dollars, and in consideration thereof shall pay at the Home Office of the Company at Hartford, Connecticut, to the said Beneficiary the installments hereinabove set forth.   *   *   *   The Beneficiary cannot assign or commute the payments herein provided, or any of them, unless such right shall be given by the Insured in writing and shall be endorsed upon or attached to the contract by the Company at its Home Office during the lifetime of the Insured.   *   *   *

" The proceeds received in trust by the Company are not transferable, subject to encumbrance, nor to legal process."

The policy and agreement are to be construed in accordance with the provisions of section 15 of the Personal Property Law (Cons. Laws, ch. 41), which reads in part: " Provided, however, that when the proceeds of a life insurance policy, becoming a claim by death of the insured, are left with the insurance company under a trust or other agreement, the benefits accruing thereunder after the death of the insured shall not be transferable, nor subject to commutation or incumbrance, nor to legal process except in an action to recover for necessaries, if the parties to the trust or other agreement so agree."

The question for determination is whether the entire amount payable to the widow of the insured under the terms of the policy and agreement is exempt from appropriation by the Sheriff under an order and garnishee execution issued out of the Supreme Court which directs the Sheriff to collect and the Travelers Insurance Company to pay ten per cent of so much of the total monthly payments being made to appellant as constitutes income. The Special Term decided that the part of the monthly payments denominated income is subject to garnishee execution. The Appellate Division affirmed by a divided court and certified the following question to this court; " Is any part of the monthly payments due to the judgment debtor by the Travelers Insurance Company under the agreement of December 2nd, 1930, as set forth in the papers on appeal, income to the judgment-debtor so as to be subject to garnishee execution? "

Section 684 of the Civil Practice Act provides that in certain cases a judgment creditor may apply to a court for an order making the income from trust funds amounting to $12 or more per week subject to execution to the extent of not more than ten per cent thereof. That section is, in effect, the same as section 1391 of the Code of Civil Procedure, as amended by chapter 148 of the Laws of 1908. Prior to September 1st, 1908, " income from trust funds " was exempt from levy under execution. (*Brearley*

*School* v. *Ward*, 201 N. Y. 358.) The amendment of section 1391 of the Code of Civil Procedure by chapter 148 of the Laws of 1908 (now section 684 of the Civil Practice Act) changed the law in regard to the exemption of income from trust funds to the extent therein specified.

Section 15 of the Personal Property Law was amended by chapter 327 of the Laws of 1911 by the addition thereto of that part of the section above quoted. That amendment anticipates that the proceeds of a life insurance policy becoming a claim by the death of the insured may be left with the insurance company under a trust agreement or under some different form of agreement not involving a trust.

Where a trust agreement is involved, the amendment has the effect of exempting the benefits accruing thereunder from the provisions of section 1391 of the Code of Civil Procedure, now section 684 of the Civil Practice Act, " if the parties to the trust  *  *  *  agreement so agree."

Where the agreement involved is other than a trust agreement, if the benefits accruing thereunder be deemed to constitute a debt or a form of income subject to garnishment, those benefits are likewise exempted from the provisions of section 684 " if the parties to the  *  *  * agreement so agree."

The enactment of the amendment to section 15 of the Personal Property Law did not repeal section 1391 of the Code of Civil Procedure, but established an exemption from its provisions. (Cf. *Chatham Phenix Nat. Bank & Trust Co.* v. *Crosney,* 251 N. Y. 189, 195.)

Thus far it has been decided that while the principal sum of $50,000, the amount received by the insurance company under the agreement, is exempt from levy under an execution, the income thereon and the benefits accruing therefrom are not exempt as the trust agreement does not so provide. We are of the opinion that such construction of the agreement is too narrow and contrary to the public

policy of the State as evidenced by the enactment of the amendment to section 15 of the Personal Property Law and the decisions of our courts.

The judgment against appellant upon which the garnishee execution was issued was recovered after the amendment of section 15 took effect and the insurance policy was issued after such amendment.

If the quoted provision of section 15 of the Personal Property Law be deemed ambiguous, it should be liberally construed in order to effectuate the humane purpose embodied in the statute. The spirit of the act should control its construction so that " the humane purpose of preserving to the unfortunate or improvident debtor or his family the means of obtaining a livelihood and prevent them from becoming a charge upon the public " (*Hickman* v. *Hanover*, 33 Fed. Rep. [2d] 873) may be effectuated. (*Carpenter* v. *Herrington*, 25 Wend. 370; *Surace* v. *Danna*, 248 N. Y. 18. Cf. *Matter of Pinals*, 38 Fed. Rep. [2d] 117; affd., *sub nom. Smith* v. *Metropolitan Life Ins. Co.*, 43 Fed. Rep. [2d] 74.)

We think, however, that the act in question is a clear and unambiguous statement of the purpose of the Legislature to exempt from legal process, except in an action to recover for necessaries, tne benefits accruing after the death of the insured under a trust or other agreement relating to the proceeds of a life insurance policy left with the insurance company where the parties to the trust or other agreement agree that such benefits shall be so exempt.

The prevailing opinion in the Appellate Division, in paraphrasing the amendment to section 15 of the Personal Property Law, has substituted the word " proceeds " for the word " benefits " in the clause " benefits accruing thereunder after the death of the insured " as contained in the act and has thereby suggested an ambiguity not present in the act.

The sole question for our determination is whether the

provision, " the proceeds received in trust by the company are not transferable, subject to encumbrance, nor to legal process," in the agreement between the insured and the insurance company, has the effect of exempting from legal process, except in an action to recover for necessaries, the benefits accruing to the beneficiary after the death of the insured under the agreement in question.

It seems clear to us that the transfer by the insured to the insurance company of the proceeds of the policy, under an agreement obligating the company to pay to the beneficiary $312.50 in monthly installments for 240 months, constituted a transfer of not only the face value of the policy, $50,000, but also all interest and income that might accrue thereon and that the provision of the agreement that " the proceeds received in trust by the company are not transferable, subject to encumbrance, nor to legal process " includes accruing interest and income as well as principal.

Under the agreement, the company was to receive the face value of the policy. and the right to the income thereon and the beneficiary after the death of the insured was to receive the specified 240 monthly payments of $312.50 each. She never was to become entitled to the face value of the policy as an entity. The agreement of the company to make the monthly payments and the payment thereof was to constitute as to her the proceeds of the policy and the proceeds, under the wording of the agreement and the provisions of the statute, were to be exempt from legal process, except in an action to recover for necessaries.

The transfer of the proceeds of the policy constituted a transfer of the " benefits accruing thereunder " and " the parties to the trust or other agreement so agree " by necessary implication.

Within the meaning of the agreement the transfer of the " proceeds " constituted a transfer of the interest earned by the investment of such proceeds, as an incident of the transfer.

The obligation of the insurance company constitutes a debt from the company to appellant, the beneficiary, under the policy. Although the word trust is used, the agreement is not in fact a trust agreement. The monthly payments which the company contracted to pay are definitely fixed in amount. They are not income on personal property. They constitute deferred payments which the company agreed to make to the beneficiary in consideration of the receipt at the death of insured of $50,000, the face value of the policy. The agreement provides: " The proceeds received by the company under this agreement shall be invested with its general corporate funds as a part thereof in securities in which such corporate funds may be invested." (Richards on the Law of Insurance [4th ed.], § 385, p. 684; *Uhlman* v. *New York Life Ins. Co.*, 109 N. Y. 421.)

Interest accruing on a principal sum which is exempted is also exempt. (*Surace* v. *Danna*, 248 N. Y. 18.) So too, the term debt or liability includes interest. (*Brown* v. *Lamb*, 6 Metc. 203, 210. Cf. 17 C. J. 1372, note 32 [l], where many cases are collated.)

Dividends or profits on shares pass with the transfer of the shares as incident thereto by legal operation. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 90; affd., 8 Cow. 360.)

Not only do we believe that the entire amount of the monthly payments is exempt for the reasons stated, but such payments are exempt for the further reason that the agreement expressly provides that " the beneficiary cannot assign or commute the payments herein provided." " The payments herein provided " are the monthly payments sought to be reached under the execution. As they cannot be voluntarily assigned, they cannot be subject to levy by execution.

That conclusion is sustained by the reasoning in the following cases: *Barry* v. *Equitable Life Assur. Soc.* (59 N. Y. 587); *Baron* v. *Brummer* (100 N. Y. 372); *Amberg* v. *Manhattan Life Ins. Co.* (171 N. Y. 314).

Section 684 of the Civil Practice Act makes an exception to the general rule in cases where it applies, but, as heretofore stated, it is not applicable under the facts in this case.

The order of the Appellate Division and that of the Special Term should be reversed and the motion to vacate granted, with costs in all courts. The question certified should be answered in the negative.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and CROUCH, JJ., concur; LEHMAN, J., not sitting.

Ordered accordingly.