In the Matter of the Application of THE CITY OF NEW YORK to Acquire Title Wherever the Same Has Not Been Heretofore Acquired for the Purpose of Establishing Thereon a Public Beach to All Land and Land under Water Not Heretofore Acquired by The City of New York from Jacob Riis Park to Beach Second Street, Rockaway, Queens County, etc. In the Matter of the Application of CHARLES S. NOYES and Others, for an Order Ascertaining and Determining the Person and/or Persons Entitled to Receive the Award Made in Respect to Damage Parcel 480 in the Above Proceeding, and/or Any Part or Parts Thereof. MEYER BLUMBERG, Appellant; CHARLES S. NOYES, MORRIS STADLER and ISIDORE WITKIND, Respondents.— Order entered April 30, 1935, granting reargument, and on reargument rescinding and annulling an opinion of the court, directing that the award for damage parcel 480 be paid to respondent Stadler subject to the lien of respondent Noyes, denying appellant's application to fix the amount due him against the award, dismissing his claim and directing the payment of $5,500 to respondent Noyes and the balance to respondent Stadler; order dated May 20, 1935, denying appellant's motion to vacate said order, and order dated May 20, 1935, denying motion to resettle it, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

In the Matter of Supplementary Proceedings: CROSSMAN COMPANY, Respondent, v. FLORENCE H. RAUCH, Appellant.— In a supplementary proceeding, order directing the judgment debtor, pursuant to section 793 of the Civil Practice Act, to pay fifty dollars monthly on account of a judgment recovered against her by the judgment creditor, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, the monthly installments received by the judgment debtor from the Travelers Insurance Company and the Connecticut General Life Insurance Company, pursuant to agreements attached to the several policies, are not subject to legal process under the judgment in question, which was not recovered in an action for necessaries, but said installments are exempt from the claims of creditors under the provisions of section 15 of the Personal Property Law, and section 793 of the Civil Practice Act is not applicable to such installments, either in the hands of the insurance companies or after their receipt by the judgment debtor. (*Crossman Co.* v. *Rauch*, 263 N. Y. 264; *Surace* v. *Danna*, 248 id. 18; *Amberg* v. *Manhattan Life Ins. Co.*, 171 id. 314.) Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur.