In the Matter of the Application of MARIE A. TRAVERS, General Guardian of DORIS TRAVERS, RUTH TRAVERS, PATRICIA TRAVERS and LOIS TRAVERS, Infants, Petitioner, for an Order against PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.

Supreme Court, Special Term, Kings County, December 31, 1941.

*Charles Rothenberg*, for the petitioner.

*Weit & Goldman* [*Merwin F. Levine* of counsel], for the respondent.

BROWER, J. Heretofore the respondent insurance company issued a policy of insurance dated November 10, 1924, in the sum of $20,000, upon the life of one William P. Travers, a physician residing in the borough of Brooklyn. Originally, his executors, administrators or assigns were named as beneficiaries, but on November 10, 1931, he formally substituted in place thereof such of his four daughters as were then *in esse*, a fifth daughter having been thereafter born. The insured died on September 25, 1941, leaving assets in his estate of negligible extent.

Pursuant to the terms of the policy, each of the four above beneficiaries is entitled to the payment of an aliquot portion of the principal amount of insurance upon her attainment of the age of thirty. It is further provided that in the event that any one of such beneficiaries does not attain such age, her share shall be payable to the surviving children of the insured; and that if none then survive, then it shall be payable to the executors or administrators of such deceased child. The policy provides, moreover, that the principal amount of the indebtedness " shall not be subject to withdrawal " by the respective infant beneficiaries before the time thus specified. None of the said specified beneficiaries is at this time over the age of eighteen.

The mother of the said infants, appearing as general guardian, now petitions the court for an order requiring the insurance company to presently pay over to her certain specified principal sums out of the alleged " trust fund " and, in addition thereto, to pay the further sum of seventy dollars each week. Such payments, she alleges, are direly and immediately essential for the care and maintenance of the infants.

After a consideration of the necessitous situation which confronts this family, the court approaches with much reluctance its utter inability to issue an order of the character here sought. I am directed, neither by any authority cited nor which independent research has disclosed, to no principle of law or equity upon which may be predicated a justification for the issuance of such order.

The provisions of the instant policy did not create a trust relationship subject in consequence to equitable cognizance. Obviously, in order to constitute a trust there must be a distinct fund which the trustee is under a duty to preserve intact and for which eventually to account. If there be no such fund, but merely a general obligation ultimately to pay a sum of money as here, then there is no trust, but only a debt. Further, it is significant that respondent is obligated under the terms of the policy to make annual payments of interest at a specified rate. It is equally significant that there is no obligation upon it to make any investment of the principal. Its ultimate duty to pay an exact sum of principal and interest is determinate, irrespective of whether there be prudent investment or not. In ascertaining whether a relationship be one of trustee and *cestui que trust* or debtor and creditor, such distinctions are firmly recognized in situations apropos to the present. (See *Crossman Co.* v. *Rauch,* 263 N. Y. 264; *Cantor* v. *Suderov,* N. Y. L. J. March 30, 1937, p. 1558.)

Petitioner admits, in the brief filed in support of the application, that she does not invite the jurisdiction of the court upon the ground that the relationship between the respondent and the designated beneficiaries is one of trustee and *cestuis que trustent.* She seeks to invoke equitable intervention, rather, upon the assumption that it is required for the protection and relief of infant wards. It is true, of course, the Supreme Court, acting as a court of equity, possesses an inherent jurisdiction for some purposes over the persons and estates of minors. The exercise of such prerogative, when the interests of an infant dictate such necessity, may justify even that the capital of a fund belonging to him be anticipated or broken in upon for his proper education and maintenance. (See *Losey* v. *Stanley,* 147 N. Y. 560, 569.) That principle is not available, however, for the purpose of abrogating, modifying or otherwise ameliorating the plain provisions of a binding contract upon the mere ground that it incidentally bestows some ultimate benefit upon an infant. The principle obviously does not justify a direction by the court, over the objection of one of the contracting parties, that the date of performance be accelerated to meet some unanticipated fortuity.

Motion denied and petition dismissed. Settle order on notice.