In the Matter of WILLIAM R. GARDINER, Assignee of CROSSMAN COMPANY, Judgment Creditor, v. FLORENCE H. RAUCH, Judgment Debtor.†‡

Supreme Court, Special Term, New York County, July 10, 1942.

† Affd., 265 App. Div. 997.   ‡ See, also, *Matter of Gardiner* v. *Rauch*, 179 Misc. 829.

*Robert L. Reinhardt* for judgment creditor.

*Thomas J. Kavanagh* for judgment debtor.

*Moran, Galli & McGlinn* for The Travelers Insurance Company, third party.

SCHREIBER, J. The judgment debtor was the beneficiary of her deceased husband's life-insurance policies. The courts have repeatedly rejected efforts by the creditor to reach the income of the proceeds. (*Crossman Co.* v. *Rauch,* 263 N. Y. 264; *Matter of Crossman Co.* v. *Rauch,* 248 App. Div. 758, leave to appeal denied, 248 App. Div. 885, 272 N. Y. 676.) The income as well as the proceeds have been held exempt.

The debtor, without other funds or income, purchased an annuity policy providing for payment of the principal to her brother in the event of her death prior to the date of the commencement of the annuity payments to her. The creditor, by assignee, seizing upon this circumstance, again endeavors to effect collection by reaching the cash surrender value of the annuity policy under section 794 of the Civil Practice Act.

The exemption* is not thus to be set at naught. The public policy evidenced by statute and decisions of the courts is to give such exemption liberal and practical meaning. The protection accorded thereby is not to be lost while the fund is thus still identifiable with its source. (Civ. Prac. Act, § 792; *Yates County National Bank* v. *Carpenter,* 119 N. Y. 550; *Surace* v. *Danna,* 248 N. Y. 18; *Crossman Co.* v. *Rauch, supra; Matter of Crossman Co.* v. *Rauch, supra.*)

Other grounds in opposition to the motion urged by the insurance company and the debtor also require denial of the motion, but need not be discussed in view of the conclusion reached. Motion is accordingly denied.

---

* The exemption is given by section 15 of the Personal Property Law which reads in part: " Provided, however, that when the proceeds of a life insurance policy, becoming a claim by death of the insured, are left with the insurance company under a trust or other agreement, the benefits accruing thereunder after the death of the insured shall not be transferable, nor subject to commutation or incumbrance, nor to legal process except in an action to recover for necessaries, if the parties to the trust or other agreement so agree."