In the Matter of WILLIAM R. GARDINER, as Assignee of CROSS-MAN Co., Judgment Creditor, *v.* FLORENCE H. RAUCH, Judgment Debtor.

Supreme Court, Special Term, Kings County, July 23, 1942.

*Robert L. Reinhardt* for judgment creditor.

*Thomas J. Kavanagh* for judgment debtor, appearing specially.

Cuff, J. This motion by a judgment creditor for relief pursuant to section 793 of the Civil Practice Act must be denied. The Court of Appeals determined the nature of the money which the judgment debtor is receiving, when this case was before it in January, 1934, on an application to vacate a garnishee execution. Hubbs, J., writing for the court said: " The obligation of the insurance company constitutes a debt from the company to appellant, the beneficiary, under the policy. Although the word trust is used, the agreement is not in fact a trust agreement. The monthly payments which the company contracted to pay are definitely fixed in amount. They are not income on personal property. They constitute deferred payments which the company agreed to make to the beneficiary in consideration of the receipt at the death of insured of $50,000, the face value of the policy." (*Crossman Co.* v. *Rauch,* 263 N. Y. 264, 273.)

Writing concerning this same case, when it was before that court in June, 1936, on an application similar to this one, the Appellate Division, Second Department, held " section 793 of the Civil Practice Act is not applicable to such installments." (*Matter of Crossman Co.* v. *Rauch,* 248 App. Div. 758, leave to appeal denied, 248 App. Div. 885, 272 N. Y. 676.)

Counsel for the judgment creditor argues with force that after these installments are received by the beneficiary, the money

becomes hers and the surplus, as defined by section 793 of the Civil Practice Act, should be available for disposition by order. He points to funds of a Federal employee which, it has been held, when in the hands of the employee are subject to order under section 793. (*Bowes* v. *Perkins*, 169 Misc. 624.) He refers to the amendment to Civil Practice Act, section 792, subdivision (d), enacted in 1941 (L. 1941, ch. 694, § 8), which authorizes the court to direct payments, under section 793 of the Civil Practice Act, to be paid out of alimony received. He likewise notes a further amendment (L. 1941, ch. 694, § 8) to the Supplementary Proceedings chapter, section 792, subdivision (b), which affirms the understanding that the *res* of a trust may not be disturbed by an order under section 793 of the Civil Practice Act, but provides that income from such trust " shall be subject to application " pursuant to that section. The judgment creditor's attorney argues that these three instances show a liberalization of former restrictions, and the avowed intention of the courts and the Legislature to give teeth to section 793.

But the judgment creditor is confronted with the plain language of section 15 of the Personal Property Law which, after defining exactly the installments which this judgment debtor receives, provides they shall not be " subject * * * to legal process except in an action * * * for necessaries." . The debt on which this judgment rests was not for necessaries. Counsel recognizes the strength of section 15 and he attempts to dispose of it by a contention that section 793, enacted subsequent to the time when section 15 became a law, by reason of the phrase " however or whenever earned or acquired " used therein, repealed to the degree of inconsistency section 15 of the Personal Property Law. Of course, a complete answer to that argument is that when the Appellate Division considered this litigation in June, 1936, that court not only inferentially held there was no repeal by making no reference to that subject, but clearly declared that section 15 of the Personal Property Law preserved these installments from legal process. If the intention was to repeal a provision as important as section 15, which is no doubt the basis of numerous insurance contracts, the Legislature would take direct action.

It must be borne in mind in this litigation that section 793 authorizes an order to be made following entry of a judgment when there exists in the possession of the judgment debtor *income;* and the Court of Appeals has held that the installments which this judgment debtor is receiving are *not income* (263 N. Y. 264, 273).

Application denied.