In the Matter of GENESEE VALLEY TRUST COMPANY, Judgment Creditor, against HANNAH GLAZER, Judgment Debtor.

County Court, Monroe County, December 4, 1944.

*Walter J. Holloran* for judgment creditor.

*Milo I. Tomanovich* for judgment debtor.

VAN DUSER, J. On January 12, 1934, the Genesee Valley Trust Company of Rochester, the judgment creditor here, recovered a judgment in the amount of $1,812.25 in the City Court of Rochester, transcript of which was filed in the office of the Monroe County Clerk on March 29, 1934. That judgment was based upon a note executed by Hannah Glazer, the judgment debtor here, and her husband, Abraham Glazer, now deceased, for moneys loaned to them by the judgment creditor.

Abraham Glazer is not now living. Upon his death, certain insurance contracts became payable, one being with the Equitable Life Assurance Society of the United States. This contract provided, among other things, that $2,500 of the proceeds thereof should be left on deposit with the insurance company, interest being guaranteed at the rate of 3% per annum, with such excess interest dividend as might be apportioned. This interest was directed to be paid quarterly to his wife, the judgment debtor here, during her lifetime, " except that on interest due dates said wife may withdraw all of the amount held * * * or any part thereof * * * ", except that no partial withdrawal could be made for less than $100. The insurance policy, and the " Certificate of Deposit " issued after the death of the insured, so provided.

The judgment creditor, now asks, pursuant to the provisions of section 794 of the Civil Practice Act, for an order directing the Equitable Life Assurance Society of the United States to pay to it that sum of $2,500, which the insurance company has in its possession to the credit of said judgment debtor, to apply on the judgment, with interest, to which reference has hereinbefore been made.

The judgment debtor resists the relief sought on the ground that under section 15 of the Personal Property Law the $2,500 referred to represents proceeds of a life insurance policy and was left with the insurance company under an agreement, the benefits accruing thereunder not being transferable, nor subject to commutation or encumbrance, nor to legal process except in an action to recover for necessaries, because the parties to the agreement so agreed. The judgment creditor, however, contends that the $2,500 is not exempt from legal process such as is being attempted here, and that section 15 of the Personal Property Law does not apply in this situation.

The portion of section 15 of the Personal Property Law here relied on (the last provision of subdivision 1) was enacted to safeguard payments and installments which an insured wished to provide absolutely would reach the beneficiary — an extension

of the spendthrift trust provisions. Unquestionably that section and law would apply to the situation here were it not for those provisions of the policy and certificate of deposit referred to, which make it possible for the beneficiary to withdraw the entire sum of $2,500, or any part thereof, on any interest due date. In view of those provisions, as to that deposit, the relationship between the Company and the beneficiary must be that of debtor and creditor. The beneficiary has that sum under her absolute control, under similar conditions as exist between a bank and a depositor as to an interest-bearing account.

A somewhat similar situation to the one existing here was presented in the case of *Ullman* v. *Cameron* (92 App. Div. 91, 94, 95) where by the first and second clauses of a will, property, both real and personal, was directed to be paid to a trustee for the benefit of the decedent's husband. By the third clause of the will, it was provided that if decedent's husband desired to engage in any business or enterprise, and should give notice to the trustee that he desired the whole or any part of the principal sum for such purpose, the trustee was directed to pay over the sum to him. In construing the will, the court held that inasmuch as the beneficiary could demand the fund in the manner as stated, such was " equivalent to a direction that he is entitled to it whenever he asks for it ". The court held that it became a mere naked trust and was " applicable " to the claims of his creditors. The beneficiary being entitled to the possession as well as the profits of the fund bequeathed, it was held that he must be deemed to have the legal estate therein to the same extent as the beneficiary interest given him thereby — he became entitled to it at will. (See, also, *Matter of Sweeney*, 155 Misc. 461, 463.)

" There is no foundation for a distinction between a policy which has become payable, with the money ready to pay it, and the proceeds of such a policy when actually paid " (*Amberg* v. *Manhattan Life Ins. Co.*, 171 N. Y. 314, 322).

The case of *Ullman* v. *Cameron* (*supra*) again appears (186 N. Y. 339, 345) and the court of Appeals (VANN, J.) used this very pertinent language, which, with equal force, might very well apply to the situation existing in the instant case: " The intention of the testatrix, as we glean it from the will, was to give the property to her husband and yet keep it from his creditors. The trust was an obvious pretext for that purpose. There was but a single trust, for the gift was of all the property to one person in trust for one person during his life with remainder over to others. The ' uses and purposes ' named as the object of the trust include the right of the beneficiary to take the corpus of the estate at will, by simply notifying the trustees

that he wishes to engage in some business or enterprise. He is not obliged to actually engage in any business or enter upon some enterprise, but simply to say that he desires the property for either purpose, when the trustee has no discretion, but is required to pay over whatever is asked for, even to the extent of the whole fund. Although possession and title are thus subject to his control, it is insisted that until he calls for possession the property is not liable for his debts. The law will not endure this when creditors ask its aid to prevent it, but will declare the estate vested as to them as we did in *Wendt* v. *Walsh* (164 N. Y. 154) ''

Both parties in their briefs have cited *Crossman Co.* v. *Rauch* (263 N. Y. 264). In that case there was an agreement whereby the company was to receive the face value of the property and the right to the income thereon, and the beneficiary after the death of the insured was to receive a specified monthly payment. That, of course, created a different situation than exists here, for as pointed out in that case, at page 272, the beneficiary '' never was to become entitled to the face value of the policy as an entity.''

The deposit of $2,500 held by the insurance company here is under the absolute control of this judgment debtor, is transferable by her, she can withdraw it, encumber it, or otherwise dispose of it. That being so, it does not come under the protection of the provisions of section 15 of the Personal Property Law. It therefore follows that the fund is not free from the claims of creditors of the beneficiary, the judgment debtor here, and that the judgment creditor is entitled to the order sought.

Submit order.