In the Matter of GENESEE VALLEY TRUST COMPANY, Judgment-Creditor-Respondent, against HANNAH GLAZER, Judgment-Debtor-Appellant.

HARRIS, J. (dissenting). Hannah Glazer and Abraham Glazer were husband and wife. They executed a note to the Genesee Valley Trust Company and on default in the payment of such indebtedness, the Trust Company, judgment creditor herein, recovered a judgment on January 12, 1934, against both makers in the sum of $1,812.25. In 1937 Abraham A. Glazer, one of the judgment debtors, secured insurance on his life in the Equitable Life Assurance Society of the United States, third party to this proceeding, in the sum of $10,000. The sum of $2,500 of the amount of insurance was settled on the insured's wife, Hannah Glazer, payment of such $2,500 to be made as follows: " interest payable quarterly to said wife during her lifetime, except that on interest due dates said wife may withdraw all of the amount held * * * or any part thereof ". That portion of the face of the policy, other than this $2,500, was made payable in the form of annuities. We are not concerned with the amount of the policy above the first mentioned sum of $2,500. The husband, Abraham A. Glazer, died. Subsequent to his death, the judgment creditor, Genesee Valley Trust Company, brought this proceeding on the claim that the Equitable Life Assurance Society of the United States, under the policy, is indebted to the remaining judgment debtor, Hannah Glazer, in the sum of $2,500, and that such sum of $2,500, because of the Trust Company judgment, is subject to levy on behalf of and payment to the judgment creditor Trust Company from the Assurance Society. The County Court, by an order from which appeal is taken here, has held that such sum of $2,500 is subject to levy on account of the judgment of the Trust Company and has directed that the Assurance Society from such $2,500 pay the judgment of the Trust Company. The appel-

lant, judgment debtor, contended in County Court and here contends that the $2,500 in question is exempt under section 15 of the Personal Property Law. Section 15, insofar as pertinent hereto, is as follows: " * * * when the proceeds of a life insurance policy, becoming a claim by death of the insured, are left with the insurance company under a trust or other agreement, the benefits accruing thereunder after the death of the insured shall not be transferable, nor subject to commutation or incumbrance, nor to legal process except in an action to recover for necessaries, if the parties to the trust or other agreement so agree." The insurance policy here involved contains the following: " 4. In accordance with written request it is hereby agreed, except so far as may be contrary to the laws of any state having jurisdiction in the premises that a beneficiary hereunder shall have no right to assign, transfer, hypothecate, encumber, commute or anticipate such beneficiary's interest in any benefits or payments under this beneficiary provision unless otherwise provided therein and that all benefits and payments under this beneficiary provision shall not in any way be subject to any legal process to levy upon or attach the same for payment of any claim against any beneficiary." The judgment was not for necessaries.

The County Court said (183 Misc. 980, 983) that " The deposit of $2,500 held by the insurance company * * * is under the absolute control of this judgment debtor " and " it does not come under the protection of the provisions of section 15 of the Personal Property Law ", and cites as authority for such decision *Amberg* v. *Manhattan Life Ins. Co.* (171 N. Y. 314, 322); *Ullman* v. *Cameron* (186 N. Y. 339); *Wendt* v. *Walsh* (164 N. Y. 154). These actions so cited were decided prior to the enactment of the above-quoted amendment to section 15 of the Personal Property Law (L. 1911, ch. 327) and for that reason are not in point or applicable to the decision now before this court. Since such enactment, the Court of Appeals, in *Crossman Co.* v. *Rauch* (263 N. Y. 264) has passed on the section as so amended in reference to a fund left by agreement between the company and the insured with the company, monthly payments of such fund to be paid to the wife of the insured after his death. There the insurance agreement provided: " The proceeds received in trust by the Company are not transferable, subject to encumbrance, nor to legal process." The court held the Crossman fund exempt from levy. The difference between the agreement in the policy in the *Crossman* case (*supra*) and the policy in the case now under review is that the Crossman fund was to be payable in monthly instalments, while here we have a fund which is to be held by the Assurance Company with privilege to the beneficiary to withdraw any part thereof on any interest day. The County Court has said that, in view of this difference between the Crossman policy and the Glazer policy, the *Crossman* case (*supra*) does not apply to the situation now before us. With this conclusion we do not agree. Section 15 of the Personal Property Law refers to " proceeds of a life insurance policy * * * left with the insurance company under a * * * agreement * * *." This language is inclusive enough to describe the fund of $2,500 now under discussion. This $2,500 is subject to the direction and will of the beneficiary expressed on any interest date, but the insurance carrier has no right to pay over that sum except at the request of the beneficiary. The thought of Hubbs, J., expressed in his opinion in *Crossman Co.* v. *Rauch* (263 N. Y. 264), that the language of the 1911 amendment has expressed the view and will of the State on the matter of public policy in reference to insurance moneys and their protection from claims of

creditors of beneficiaries applies here. In reference to insurance funds, it has been said " It is sound policy to make every debtor pay his just debts. Encroachments upon that principle are inimical to the best interests of the community * * *. On the other hand, the exemption of a reasonable amount of property necessary to subsistence has long been recognized in this country as justifiable on humanitarian grounds." (Insurance Law Revision, Tentative Draft, 1937, § 66.9, p. 184.) As examples of these two lines of public policy, we have the provisions exempting from levy certain property necessary for the existence or subsistence of the owners and certain provisions of law that permit levy for the payment of debts. (Civ. Prac. Act, §§ 665, 684; Insurance Law, § 166.) A statute, similar to the 1911 amendment to section 15, " should be liberally construed in order to effectuate the humane purpose embodied * * *. The spirit of the act should control * * * so that ' the humane purpose ' * * * may be effectuated." (*Crossman Co.* v. *Rauch*, 263 N. Y. 264, 271.) The statute in question (Personal Property Law, § 15) is a clear and unambiguous statement of the purpose of the Legislature to protect a beneficiary from want by exempting from legal process " the benefits accruing after the death of the insured * * * where the parties to the * * * agreement agree that such benefits shall be so exempt." (*Crossman Co.* v. *Rauch*, 263 N. Y. 264, 271.) Expressions of public policy are for the Legislature and when the public policy is so stated by that body the court must give effect to such expression. The fund of $2,500 involved in this action while in the hands of the insurance company is not subject to levy for the judgment herein sought to be enforced. (*Crossman Co.* v. *Rauch*, 263 N. Y. 264; Personal Property Law, § 15; *Matter of Nires*, 290 N. Y. 78; *Manufacturers Trust Co.* v. *Miller*, 262 App. Div. 1016, affd. 288 N. Y. 534; see Insurance Law, § 166, as enacted by L. 1939, ch. 882.)

The order appealed from should be reversed and the proceeding herein dismissed, without costs.

All concur in decision except Dowling and Harris, JJ., who dissent and vote for reversal and for dismissal of the proceeding in an opinion by Harris, J.

Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.

Order affirmed, with ten dollars costs and disbursements. [183 Misc. 980.]